Z. B. TINKUM *et al.*, RESPONDENTS, *v.* WILLIAM T. O'NEALE, APPELLANT.

JOINT DEBTOR DEFENDANT DECLARED A BANKRUPT—CONTINUANCE. Where, in a suit against partners on a joint claim against them, it appeared that one had been declared a bankrupt, but had not yet received his discharge, and the case was continued as to him: *Held*, on a motion for a continuance as to the other partner, that the trial could not proceed against him until a disposition of the bankrupt proceedings of his copartner.

PARTNERSHIP CONTRACTS JOINT. Partnership obligations are joint in their nature at least to the extent that one partner may always take advantage of the non-joinder of his copartner in an action on a partnership contract.

JUDGMENT AGAINST ONE PARTNER BARS ACTION AGAINST HIS COPARTNER. A judgment against one partner upon a partnership contract merges the debt and constitutes a bar to a subsequent action for the same breach against his copartners.

ACTION AGAINST PARTNER WHERE COPARTNER DISCHARGED IN BANKRUPTCY. Where one of two partners is discharged in bankruptcy, the other may be proceeded against alone.

SUSPENSION OF LEGAL PROCEEDINGS BY BANKRUPTCY. The suspension of legal proceedings against a person declared a bankrupt, as provided for by the United States bankrupt law, does not affect or modify his obligations, but only temporarily suspends the remedy for their enforcement.

CONSTRUCTION OF SECTION THIRTY-TWO OF PRACTICE ACT. Section thirty-two of the Practice Act does not provide a rule for the disposition of actions against several joint debtors, where all have been served and appeared, and the proceedings against one are suspended by bankruptcy.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda County.

This was an action commenced January 25th, 1868, by Z. B. Tinkum and Sidney Huntoon, partners doing business under the name and style of Tinkum & Huntoon, against John D. Winters and William T. O'Neale, partners, doing business under the name and style of Winters & O'Neale, to recover the sum of one thou-

sand four hundred dollars for lumber sold and delivered. An amended complaint was filed March 21st, 1868. On the twenty-seventh of the same month Winters answered, setting up that he had been, on March 2d, on his own petition, duly declared a bankrupt by the United States District Court, and on his motion all the proceedings in this action were stayed as against him until the determination of the bankruptcy proceedings then pending. On April 4th, O'Neale answered, and asked for a stay of proceedings until the question of final discharge in bankruptcy of his co-partner should be adjudicated. This the Court below refused to do, and the case proceeded to trial, and resulted in a judgment against O'Neale for the sum demanded in the complaint. From the judgment so rendered against O'Neale this appeal was taken.

*Mesick & Seeley,* for Appellant.

The obligation alleged in the complaint against the defendants is in its nature joint, being simply a copartnership liability. (*Mason* v. *Eldred*, 6 Wallace, 234.)

On such a contract judgment cannot be entered against one only of the joint obligors, while objecting that the proceeding must include all. (*Stearns* v. *Aguirre*, 6 Cal. 176 ; *Stearns* v. *Aguirre*, 7 Cal. 448.)

*W. M. Seawell,* for Respondents.

The defendant Winters became a bankrupt on March 2d, 1868. The provisions of the U. S. Bankrupt Act made him a bankrupt on March 2d, 1868, the time at which he was adjudged to be such by the U. S. District Court. (U. S. Bankrupt Act, Sec. 11.) Being such bankrupt on March 2d, 1868, and at the time of the rendition of judgment against the defendant O'Neale, such bankruptcy of Winters constituted no bar to the recovery of such judgment. (*Lewis* v. *Clarkin*, 18 Cal. 401.)

The judgment against the defendant O'Neale is also supported by the statutes of this State. (Stats. 1861, 338, Secs. 145, 146.) Nor was he prejudiced by the action of the Court in rendering judgment against him. He admits being liable for the debt sued for, with his codefendant Winters. · Under the proceedings in

bankruptcy he could prove against the estate of Winters for the proportion of the debt due by the bankrupt, and could recover from such estate such proportion, if the assets of the bankrupt were sufficient.   (U. S. Bankrupt Act, Sec. 19.)

The action of the Court, therefore, in staying the proceedings against the defendant Winters should not be construed to the prejudice of the plaintiffs in delaying them from obtaining judgment against the defendant O'Neale.

Again, as the final discharge of the bankrupt cannot release or affect his cocontractor, (U. S. Bankrupt Act, Sec. 33) so neither can the application for such discharge release or affect temporarily or otherwise such cocontractor.   (1 Parsons on Contracts, 29.)

By the Court, Lewis, C. J.:

Upon the calling of this case for trial, the defendant Winters moved for a continuance as to himself, upon a sufficient showing that he had been adjudged a bankrupt by the United States District Court, for the District of Nevada.   It appeared from his affidavit, and it is admitted as a fact in the case, that no hearing had been had in that Court upon his petition, and that he had not received his discharge.   The continuance was asked until the disposition of the matter by the District Court.   The motion being granted, the defendant O'Neale then objected to the trial proceeding against him, arguing that as the obligation sued upon was joint between himself and Winters, a joint judgment only could be rendered thereon, and hence the trial should not proceed against him until it could also proceed against Winters, or he was finally discharged by the decision of the District Court.   Such, also, is the conclusion to which a careful consideration of the question has conducted us.

Partnership obligations are joint in their nature, at least to the extent that one partner may always take advantage of the nonjoinder of his copartner in an action on a copartnership contract. "It is true," says Justice Field, speaking for the Supreme Court of the United States, in *Mason* v. *Eldred*, (6 Wallace, 231) "that each copartner is bound for the entire amount due on the copartnership contracts, and that his obligation is so far several,

that if he is sued alone, and does not plead the nonjoinder of his copartners, a recovery may be had against him for the whole amount due upon the contract; and a joint judgment against the copartners may be enforced against the property of each. But this is a different thing from the liability which arises from a joint and several contract. There the contract contains distinct engagements, that of each contractor individually, and that of all jointly, and different remedies may be pursued upon each. The contractors may be sued separately on their several engagements, or together on their joint undertaking. But in copartnerships there is no such several liability of the copartners. The members undertake joint enterprises, they assume joint risks, and they make in all cases joint liabilities."

So, too, it has been repeatedly held, and is now the settled law of this country, except when altered by statute, that a judgment against one partner upon such contract merges the debt, and constitutes a bar to subsequent action for the same breach against his copartner. (See *Mason* v. *Eldred, supra,* and cases there cited.) Hence, whenever there is a failure to make all the partners defendants in a suit upon a partnership undertaking, those who are sued may plead that fact in abatement of the action, unless those not brought in have some ground of personal release, such as infancy, or a discharge in bankruptcy. If the omission of any joint obligor be a sufficient ground for abating the action against the other, why should not the continuance of it, as to one, entitle the other also to a continuance? Certainly the right is not limited to the mere uniting of all parties in the pleading; it cannot stop with so idle a ceremony. The right to have all the joint obligors united as defendants is subordinate to, and results from, the ulterior right that a joint judgment must be rendered against all. When the obligation or liability is joint, each party may properly claim the enforcement of it according to its terms. This is undoubtedly the foundation of the right of every joint obligor to plead in abatement, when there is an omission to join all who are jointly liable with him. The prosecution of a suit against one of several joint debtors, all of whom are united as defendants, is certainly as prejudicial to him as the entire failure to unite them in the action would be; for although united

Tinkum *v.* O'Neale.

with him, if the action be prosecuted against him alone, and judgment be obtained, the result, so far as his rights are concerned, is the same as if they were not united with him at all, for the judgment so obtained against him would merge the debt so that no judgment could afterwards be obtained against the others. We see no reason why the rule, that a judgment against one joint debtor releases all others, should not apply in a case of this kind where all are made parties, but only one is proceeded against, as to a case where only a part of the joint obligors are in the first place united as defendants. The judgment rendered here against O'Neale certainly merged the contract, as though he alone were made defendant. The plaintiffs could proceed upon it and issue execution precisely as if Winters had not been made a party to the action. Why, then, should not the judgment have the same effect as if O'Neale only were sued? In our opinion the effect is the same where all are sued, but the action is prosecuted and judgment allowed against less than all, as when less than all are in the first instance united as parties, and judgment obtained only against them.

If each joint obligor has the right to demand the joinder of all who are liable with him, and that the judgment shall be joint against all, it would seem to be a necessary corollary that the Courts have no authority to proceed in a manner which will defeat that right, unless there be a waiver of it in some way by those who claim it. If the Court cannot properly proceed, where there is an omission of one joint obligor, and that fact is taken advantage of by plea, it would seem to follow that it would not have the right to proceed with the trial and render judgment against less than all, otherwise the right to plead in abatement for nonjoinder of parties would be an entirely useless ceremony. Here not only was the judgment not joint against both defendants, but the judgment against O'Neale alone made it impossible afterwards to render any against Winters.

If Winters were *discharged* in bankruptcy there could be no doubt of the plaintiffs' right to proceed against O'Neale alone, as was done; but he has not been so discharged, and may never be. He is simply adjudged a bankrupt upon the filing of his petition in

accordance with the Act of Congress. Whether he will be discharged or not, is a matter to be hereafter determined. It is true, the Act declares that "no creditors where debt is provable under this Act shall be allowed to prosecute to final judgment any suit in law or equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined, and any such suit or proceeding shall, upon the application of the bankrupt, be stayed." But such suspension of legal proceedings against him does not in the slightest degree affect or modify his obligations, but only temporarily suspends the remedy for their enforcement. It is the final discharge alone which releases him, and destroys the creditor's right. And it is only when it appears that one or more of the joint obligors were never liable, or when he has been absolutely discharged from the contract, that the others may be proceeded against. There is a mere temporary suspension of that right to *sue.* We can find no case where a temporary suspension of the remedy against one joint debtor authorized proceedings against the rest. We are of the opinion, therefore, that this suit should have been continued, not only as against Winters, but also as to O'Neale, until the determination of the proceedings in bankruptcy, at which time, if Winters were discharged, the action might proceed against O'Neale; if not, then against both defendants.

The Practice Act of this State has afforded us no aid in the solution of this question, as it seems to contain no provision covering a case of this kind. It does not come within the letters of section thirty-two, for that only authorizes the prosecution of the action against less than all of the defendants jointly indebted when service of summons has not been had on all, or there has not been an appearance of all. In this case, however, both defendants were served with summons, and both appeared in the action; hence that section does not cover it. It may be said that this case comes within the reason and spirit of the section. It is possible that it does, although we are not satisfied of that, and as the language of the section clearly and unmistakably embraces only those cases where all have not been served, or appeared, we have no right to extend it to cases where all have been served or appeared. Section one hundred and forty-six of the Practice Act only author-

izes several judgments where such judgments may be legally rendered; that is, when the liability is several, which is not. the case here.

The Court below therefore erred in refusing to continue the cause upon the application of the defendant O'Neale. The judgment rendered against him is for these reasons erroneous, and must be reversed.