[No. 877.]

## A. STEVENSON & SON, Respondents, *v.* J. J. MANN, Impleaded with WM. SMITH, Appellant.

Jurisdiction—Joint Judgments, Lapse of Term—Motion to Set Aside.—
A joint judgment was entered against S. & M. M. alone moved to have it set aside as to him. The term lapsed before this motion was heard. At the hearing the court set aside the judgment as to M., whereupon the plaintiff moved to have the judgment also set aside as to the defendant S. This motion was granted. *Held,* that the court had jurisdiction upon the motion of M. to set the judgment aside as to both defendants.

APPEAL from the District Court Fourth Judicial District, Humboldt County.

The facts are stated in the opinion.

*Grass & Harding* and *Seth Robinson*, for Appellant.

I. The judgment against Smith, rendered at the January term, merged and extinguished the notes in controversy in the higher security thus obtained. The order of the court, at the July term setting aside the judgment of the previous January term as to Mann, left such judgment in full force as to Smith. If the plaintiffs had proceeded against Smith alone, and taken judgment against him, such judgment, under the code and common law alike, would be a merger and extinguishment of the obligation as to both parties. (*Robertson* v. *Smith*, 18 Johns. 459; *Pierce* v. *Kearney*, 5 Hill. 82; *Mason* v. *Eldred*, 6 Wall. 231; *Brady* v. *Reynolds*, 13 Cal. 31 ; *Tinkum* v. *O'Neale*, 5 Nev. 93 ; Truman on Judgments, § 231.) Under the code, in an action against two or more parties who are liable upon an obligation, a judgment against one may be relied upon by the others as a bar to that or any other action. (*Sloo* v. *State Bank of Ill.*, 1 Scam. 428; *Sloo* v. *Lea*, 18 Ohio, 279; *Stearns* v. *Aguirre*, 6 Cal. 176; *Ricketson* v. *Richardson*, 26 Id. 149; *Kelly* v. *Bandini*, 50 Id. 530; *Bank of Stockton* v. *Howland*, 42 Id. 129; *The People* v. *Frisbie*, 18 Id. 402; *Lewis* v. *Clarkin*, 18 Id. 399; *Stoddart* v. *Vandyke*, 12 Id. 437; *Rowe* v. *Chandler*, 1 Id. 167.)

II. The order of the court, passed at the July term setting aside the judgment of the previous January term as to Smith, was void. A judgment cannot be set aside or modified after the term at which it was rendered. (*Wood* v. *Luce*, 4 McLean, 254; *Atkinson* v. *Stevens*, 7 J. J. Marsh, 237; *Trustees* v. *Baily*, 10 Fla. 238; *McKindley* v. *Buck*, 43 Ill. 488; *Smith* v. *Wilson*, 26 Id. 186; *Blair* v. *Russell*, 1 Ind. 516; *Cook* v. *Wood*, 24 Ill. 295; *Cameron* v. *McRoberts*, 3 Wheat. 591; *Bank* v. *Moss*, 6 How. 31; *Bobb* v. *Bobb*, 2 A. K. Marsh. 240; *Assessors* v. *Dorsey*, 2 Wash. C. C. 433; *Kelley* v. *Keizer*, 3 A. K. Marsh. 268 ; *Jenkins* v. *Eldridge*, 1

Wood. & Min. 61; *Murphy* v. *Merritt*, 63 N. C. 502; *Sagory* v. *Bayless*, 13 S. & M. 153; *Bank* v. *Lewis*, 13 S. & M. 226; *Townsend* v. *Chew*, 31 Md. 247; *Windet* v. *Hamilton*, 52 Ill. 180; *Cox* v. *Brackett*, 41 Id. 222; *Messervey* v. *Beckwith*, 41 Id. 452; *Brush* v. *Robbins*, 3 McLean, 486; *State Savings* v. *Wilson*, 49 Ill. 171; *McKnight* v. *Strong*, 25 Ark. 212; *Ex parte Morris*, 44 Ala. 361; *Denton* v. *Boyd*, 21 Ark. 264; *Ragsdell* v. *Green*, 36 Tex. 193; Freeman on Judgments, sec. 96; *Baldwin* v. *Kramer*, 2 Cal. 582; *Morrison* v. *Dapman*, 3 Id. 255; *Suydam* v. *Pitcher*, 4 Id. 280; *Carpentier* v. *Hart*, 5 Id. 406; *Robb* v. *Robb*, 6 Id. 21; *Shaw* v. *McGregor*, 8 Id. 521; *Branger* v. *Chevalier*, 9 Id. 172; *Swain* v. *Naglee*, 19 Id. 127; *Bell* v. *Thompson*, 19 Id. 707; *Latimer* v. *Ryan*, 2 Id. 628; *Wilson* v. *McElroy*, 25 Id. 169; *Hegeler* v. *Hinckel*, 27 Id. 491; *Casement* v. *Ringgold*, 28 Id. 335; *Killipp* v. *Empire Mill Co.*, 2 Nev. 34; *Whitmore* v. *Shiverick*, 3 Id. 299; *Lobdel* v. *Hall*, 3 Id. 523; *State* v. *First Nat. Bank*, 4 Id. 358; *Clark* v. *Strouse*, 11 Id. 76; *Bethel* v. *Bethel*, 6 Bush. 65; *Mayor etc.* v. *Bullock*, 1 Eng. 282; *Buckles* v. *Northern Bank*, 63 Ill. 268; *Rowan* v. *People*, 18 Id. 159; *Lampsett* v. *Whitney*, 3 Scam. 170; *Rawdon* v. *Rapley*, 14 Ark. 203; *Chipman* v. *Bowman*, 14 Cal. 157; *Sanchez* v. *Carriaga*, 31 Id. 172; *Logan* v. *Hillegrass*, 16 Id. 200.)

The district court might have directed the judgment of the January term to stand, but that the same should not be a bar to any defense on the merits which Mann might interpose. It might have opened the judgment to let in such a defense, without vacating it; it might have granted any less relief than that demanded, or qualified it in any reasonable manner, and thus saved the rights of the parties. But this course was not taken. (*Wardell* v. *Eden*, 2 Johns. Cas. 258; *McCall* v. *McCall*, 54 N. Y. 541; *Fleming* v. *Jencks*, 22 Ill. 475; *Lake* v. *Cook*, 15 Id. 353; *Lyon* v. *Boylvin*, 2 Gilm. 629; *Glonninger* v. *Hazzard*, 4 Phil. 354; *Spang* v. *Commonwealth*, 12 Pa. St. 358; *Gallup* v. *Regnolds*, 8 Watts. 424.) The court could not, upon the motion of Mann to set aside the judgment *as to him*, step beyond and over the limit and subject of the relief thus sought, and also set it aside as to his co-defendant Smith, the term at which the judgment was

rendered having lapsed before the decision of the motion. (*Knox County Bank* v. *Doty,* 9 Ohio, 505.)

III. The motion of Mann continued the power of the court over the judgment to all intents and purposes. A motion by one defendant to set aside the judgment as to him, and a motion by another defendant (or by the plaintiff) to set aside the judgment as to him, are independent, substantive motions.

IV. The position of respondent, that by granting Mann's motion there resulted, *ipso facto,* a new judgment against Smith, is not correct. Where an order is made vacating judgment as to one of several defendants, the judgment remains unaffected as to the others. (*McKinley* v. *Tuttle,* 34 Cal. 235; *Silvers* v. *Reynolds,* 17 N. J. L. 275; *Glonninger* v. *Hazzard,* 4 Phila. 354.)

*Wells & Stewart,* for Respondents.

I. Merger cannot arise from an act, not of the party, but opposed by him. Plaintiffs did not seek a judgment; did not accept a judgment, against Smith alone. Merger cannot be forced upon a party. (38 Ind. 86; Freeman on Judgment, title "Merger," 215 *et seq.;* 4 Nev. 358, 426.)

II. When the defendant Mann moved the court to vacate the judgment as to him, the plaintiff could not foresee that it would be sustained; hence, as it was not ruled upon until that term of court had lapsed, plaintiffs could not make a motion to vacate it as to Smith, until the very instant they did do so.

III. The court did wrong, prejudiced the plaintiffs, by setting aside the judgment as to Mann, which ruling was opposed by them; and as soon as made, they, to preserve their rights against both defendants, asked the court to set the judgment aside as to Smith, also, and thus not only preserve their rights against both, but deprive Mann of the benefit of his own wrong.

IV. The jurisdiction was saved by the motion of Mann to vacate the judgment as to him. That gave the court jurisdiction to grant his motion just as asked, or to grant it coupled with something else, as it might deem right. (5 Cal. 406; 8 Id. 521; 19 Id. 706; 19 Id. 127; 7 Id. 443.)

*M. S. Bonnifield,* also for Respondents.

By the Court, Hawley, C. J.:

This action was brought to recover the sum of fifty thousand dollars, or thereabouts, the amount claimed to be due from Wm. Smith and J. J. Mann, doing business as copartners under the firm name and style of "Smith & Mann," upon certain promissory notes executed by them in their firm name.

The complaint and summons were regularly served upon the defendant Smith, in the month of May, 1876. In the month of August, 1876, the defendant Mann entered "his appearance in said action," and asked of the court "a reasonable time in which to plead therein." No time was fixed for him to plead. No pleadings were filed. On the second day of January, 1877, the clerk noted the default of both defendants, and on the twenty-third of February, 1877, the court ordered a judgment by default to be entered, and it was entered, against both defendants, for the amount prayed for in plaintiff's complaint.

The defendant Mann, at the same term, moved the court to annul, set aside and declare void the said default and judgment so far as the same in any manner affected him. Pending this motion, the January term lapsed. At the April term, 1877, the motion was argued and taken under advisement. At the July term, 1877, the court granted the motion, and set aside the judgment as to the defendant Mann. On the same day, on motion of plaintiff's counsel, the court also set aside the judgment as to the defendant Smith.

The defendant, Mann, then filed an answer setting up, among other defenses, the judgment of the January term, 1877, as a bar to the action against him.

On the trial, subsequently had, the defendant, Mann, objected to the introduction of each note sued on, upon the ground "that since the commencement of this action, and since the service of summons on the defendant, Smith, and the appearance of the defendant, Mann, herein, the plaintiffs have obtained and taken a judgment herein against the

defendant, Smith, which judgment is still in force as to said Smith, whereby the said note and all the notes and indebtedness alleged in the complaint have been merged and extinguished in a higher security, and import no subsisting joint indebtedness or liability of the said defendants, Mann and Smith."

The court overruled the objection, and admitted the notes in evidence.

The defendant, Mann, moved for a nonsuit and for a dismissal of the action against him upon the same ground. Both motions were overruled by the court. Judgment was again entered in favor of plaintiffs and against both defendants.

Appellant's counsel argue that the order of the court, made at the July term, setting aside the judgment of the previous January term as to the defendant Mann, left such judgment in full force as to the defendant Smith; that the judgment against Smith rendered at the January term merged and extinguished the notes in controversy in the higher security thus obtained, so that afterwards no judgment could be taken or action maintained on such notes against Mann. These positions are sought to be maintained upon the ground that the order of the court made at the July term setting aside the judgment of the previous January term as to Smith was void.

Did the court have jurisdiction to make the order setting aside the judgment as to Smith after the January term, at which said judgment was entered, had lapsed?

The facts of this case are dissimilar from the case of *Sloo* v. *The State Bank of Illinois,* 1 Scam. 428. In that case the State Bank, defendant in error on appeal and plaintiff in the court below, voluntarily accepted a judgment against both defendants, Sloo & McClintoc (doing business as copartners, under the firm name of A. G. Sloo & Co.), that was entered by virtue of a power of attorney authorizing a confession of judgment. The power of attorney was executed in the firm name by McClintoc, without any authority from his copartner Sloo. Upon appeal the supreme court reversed the judgment as to Sloo, against whom it had been

entered without authority. The supreme court of Ohio, in *Sloo* v. *Lea*, 18 Ohio, 279, held that the judgment of the court in Illinois against McClintoc was a bar to any further action upon the same subject-matter, as to the defendant Sloo. These, and other, cases cited by appellant sustain the general proposition, that where the contract sued upon is joint, and the plaintiff by his own voluntary action accepts or consents to a judgment against one of two or more defendants, the other defendants may rely upon that judgment as a bar to that or any other action against them upon the same contract. (*Tinkum* v. *O'Neale*, 5 Nev. 93; Freeman on Judgments, secs. 231, 232, and authorities there cited.)

The decisions sustaining this rule are very numerous. They proceed upon the ground that by the recovery of such a judgment, the cause of action has been merged and extinguished in the judgment against one "by operation of law, at the instance and by the act of the creditor." The creditor is deprived of his right to collect against the others, because by accepting the judgment against one, he has placed himself in a position where he is unable, legally, to assert or enforce his demand. (*Suydam* v. *Barber*, 18 N. Y. 470; *Barnett* v. *Juday*, 38 Ind. 88.) The facts of this case, however, do not bring it within the reason of the rule applied in the cases referred to.

In this case, the court at the January term acquired jurisdiction to enter the judgment against both Smith and Mann. The voluntary appearance of defendant Mann was "equivalent to personal service of the summons upon him." (Civil Practice Act, sec. 35.) The default and judgment at the January term were properly entered. Appellant's position, therefore, is, that by his own act in asking to have the judgment that was legally entered against him set aside, so as to allow him to make a defense, and in obtaining the order setting aside the judgment as to him, without the consent of plaintiffs, he has relieved himself from all liability upon the causes of action embraced in the judgment. This position cannot be sustained upon principle, and is not supported by any authority to which our attention has been called.

Upon the motion made by the defendant Mann, the court had jurisdiction to grant him any relief that he was legally entitled to. It was not bound to either allow or reject the relief in the precise terms asked for. If the court was of opinion that the defendant Mann had a good and meritorious defense to the merits, and that he had been improperly deprived of making his defense by the entry of the default against him, it might, under his motion have opened the judgment, in order to let in his defense, without setting it aside as to either defendant. (*Lake* v. *Cook*, 15 Ill. 353; *Fleming* v. *Jencks*, 22 Ill. 475; *Glonninger* v. *Hazzard*, 4 Phil. 354.) But the mode of granting the relief is within the control of the court (*McCall* v. *McCall*, 54 N. Y. 541), and it was the duty of the court, in granting any relief, to protect the rights of other parties. Instead of opening the judgment in order to let in Mann's defense, the court could have granted his motion on condition that the judgment should also be set aside as to the defendant Smith. The jurisdiction of the court to make such an order is unquestionable.

Appellant technically relies upon the mere form, instead of the substance, of the orders made in the court below. It is contended that the order setting aside the judgment as to Smith was made upon the plaintiffs' motion, and it is, thereupon, argued that inasmuch as the term at which the judgment was entered had lapsed without any such motion having been made by the plaintiffs, the court had no jurisdiction to grant their motion. But, in our opinion, the question is not as to the right of the plaintiffs to make the motion, but as to the power of the court to make the order setting aside the judgment as to both defendants. It is a question of jurisdiction only. The jurisdiction of the court is supported and sustained by the motion of defendant Mann. The relief granted is germane to the relief asked for, and was properly allowed, although irregularly entered.

It was proper for the plaintiffs to make the motion to have the defendant Smith included in the order setting aside the judgment as to the defendant Mann, and the court had jurisdiction to amend the order setting aside the previous judgment so as to include both defendants, and this is just what the court did in effect do.

In *Van Renselear* v. *Whiting, et al.*, the plaintiff recovered judgment in an action of assumpsit against John L. Whiting and J. Tallman Whiting upon a joint obligation. The circuit court, upon the motion of J. Tallman Whiting, ordered that "the judgment heretofore entered in this cause be and the same is hereby set aside and vacated as to the defendant J. Tallman Whiting." No motion was made to have the other defendant included in the order, and no other order was made. On appeal the supreme court said: "The effect of vacating the judgment as to J. Tallman Whiting was to vacate it as to the other defendant also." (12 Mich. 451.) The court had jurisdiction to set aside the judgment as to both defendants. (*Lewis* v. *Rigney et al.*, 21 Cal. 272.)

The judgment of the district court is affirmed.

LEONARD, J., having been of counsel in the court below, did not participate in the foregoing decision.