[No. 8508.  In Bank. — December 28, 1885.]

ELIZA P. LAWRENCE, APPELLANT, *v.* WILLIAM DOOLAN, ADMINISTRATOR, ETC., OF ALEXANDER AUSTIN, DECEASED, ET AL., RESPONDENTS.

SAN FRANCISCO — OUTSIDE LANDS — PAYMENT OF ASSESSMENT — LIABILITY OF TAX COLLECTOR — SURETIES. — Money paid to the tax collector of the city and county of San Francisco, by a claimant of outside lands, in satisfaction of an assessment levied thereon in pursuance of order No. 800 of the board of supervisors of the city and county, is received by the tax collector in his official capacity, and the sureties on his official bond are liable for his default in not returning the money to the claimant upon a demand made after a judicial determination that the claimant was not entitled to the land.

ID. — STATUTE OF LIMITATIONS — RIGHT OF CLAIMANT TO RECOVER ASSESSMENT. — The statute of limitations does not commence to run against the right of the claimant to recover back such money from the tax collector, and in favor of the sureties on his official bond, until it has been judicially determined whether or not the claimant is the person entitled to a deed of the land from the city.

ACTION ON BOND — DEATH OF OBLIGOR — JOINDER OF PERSONAL REPRESENTATIVE — DEFENDANTS. — In an action on a bond, the personal repre-

sentative of a deceased obligor may be joined as a defendant with the surviving co-obligors, after the claim on which the action is founded has been presented to and disallowed by him.

ID. — FORM OF JUDGMENT. — The judgment in such a case, if against the personal representative, must provide that it be paid by him in due course of administration.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion, and in the opinion of Mr. Justice Myrick in Department Two.

*E. A. & G. E. Lawrence,* for Appellant.

The sureties on the bond of the tax collector are liable for his default in not returning the money upon the demand of the claimant. (*Postmaster-General* v. *Munger,* 2 Paine, 189; *People* v. *Vilas,* 36 N. Y. 459; *People* v. *Edwards,* 9 Cal. 292; *Mayor of New York* v. *Ryan,* 35 How. Pr. 408; *Wilson* v. *Burfoot,* 2 Gratt. 134; *State* v. *Rhoades,* 7 Nev. 434; *Randall* v. *Austin,* 46 Cal. 54; *Muzzy* v. *Shattuck,* 1 Den. 233; *Boody* v. *United States,* 1 Wood. & M. 164; *Kindle* v. *State,* 7 Blackf. 586; *Dawson* v. *State,* 38 Ohio St. 1; *Marquette* v. *Ward,* 50 Mich. 174.) The personal representative of the tax collector was properly joined as a defendant with the surviving sureties. (*Henderson* v. *Talbot,* 5 Smedes & M. 109; *Woodhouse* v. *Lee,* 6 Smedes & M. 161; *Smith* v. *Fagan,* 2 Dev. 298; *Brown* v. *Clary,* 1 Hayw. 107; Bliss on Code Pleading, sec. 107, note 4.)

*Mastick, Belcher & Mastick, Joseph M. Nougues, E. W. McGraw, Tully R. Wise, A. Heynemann,* and *John L. Murphy,* for Respondents.

The money paid to Austin was paid to the city, as required by the act of 1870, as a condition precedent to the withholding of the city's deed from the party in possession, until the suit against him should be determined, but the receipt of the money created no liability on the part of Austin, or of the city, to repay it. Such act,

without the consent of the sureties on his bond, made him the custodian of moneys received on account of assessments upon outside lands, and so imposed upon him new duties which were not in the line or within the scope of the duties belonging to the office of tax collector, and consequently discharged the sureties. (*Miller* v. *Stewart*, 9 Wheat. 680; *Bensinger* v. *Wren*, 100 Pa. St. 505; *Comm.* v. *Swope*, 45 Pa. St. 535; *United States* v. *White*, 4 Wash. 414; *Saltenberry* v. *Loucks*, 8 La. Ann. 95; *Pybus* v. *Gibbs*, 6 El. & B. 903; *People* v. *Tompkins*, 74 Ill. 482; *Governor* v. *Ridgeway*, 12 Ill. 14; *Nolley* v. *Calloway Co. Ct.*, 11 Mo. 447; *People* v. *Pennock*, 6 N. Y. 421; *State* v. *White*, 10 Rich. L. 442; *Carey* v. *State*, 34 Ind. 105; *Waters* v. *Carroll*, 9 Yerg. 102; *Brown* v. *Phipps*, 6 Smedes & M. 51; *People* v. *Buster*, 11 Cal. 215; *People* v. *Aikenhead*, 5 Cal. 106; *Brown* v. *Lattimore*, 17 Cal. 93; *Glasscock* v. *Ashman*, 52 Cal. 403.) There was a misjoinder of parties defendant. The sureties could not be joined with the personal representative of the deceased obligor. (*Humphreys* v. *Yale*, 5 Cal. 173; *May* v. *Hanson*, 6 Cal. 642; Barbour on Parties, 155.)

FOOTE, C.—In the petition for rehearing, the opinion of Department Two, heretofore delivered, is not controverted, in so far as it determines that there was no misjoinder of parties defendant, and that two causes of action were not improperly joined. But it is claimed that the conclusion there arrived at was not sound, in that it declared the sureties of Austin, the tax collector, were responsible for the money received by him, in his official capacity, from Mrs. Lawrence, the plaintiff, and that the statute of limitations did not bar her right of action against them.

In reference to the duties of the tax collector in a matter of this kind, where the action was brought against him alone, this language is used by this court in *Randall* v. *Austin*, 46 Cal. 62: "Practically it is a mere deposit of

the taxes and assessments by each to await the result of the controversy in the courts, and though it is not expressly provided that the unsuccessful party may withdraw his deposit, we have not the least doubt that such was the intention of the legislature. It could not have been intended that the taxes and assessments should be twice paid, as we think is perfectly apparent from the whole scope and spirit of the act.

"When it appeared from the record of the proceedings of the board that the controversy was ended, the unsuccessful party was entitled to withdraw his deposit. If the consent of the board was necessary before he could withdraw the money, the plaintiff in this case obtained it. His petition to that effect was granted, and the clerk was directed to return his papers, including the tax collector's receipts.

"This was a sufficient authority to the defendant to refund the money, and would have protected him from further responsibility.

"The rule that voluntary payments cannot be recovered back has no application to the case, nor is there any force in the argument that the action should have been brought against the city and county instead of the tax collector."

In the case in hand, the demurrer admits that the money was never paid over to the city, and if it was his duty so to do, which we do not now decide, the tax collector, nevertheless, by not paying it over, was responsible to the rightful owner.

Are his sureties on his official bond responsible in this action?

It is alleged in the complaint, and admitted by the demurrer, that Austin entered upon his duties as tax collector on the 23d of November, 1868; that he executed his bond with the defendants, except the city and county of San Francisco, as sureties on that day, and that the conditions of this bond were for the faithful performance

and execution of the duties of tax collector of the city and county of San Francisco, as required by law then existing, as well as those which might be required by any law enacted subsequently to the execution of said bond; that the moneys assessed to plaintiff under order 800 were paid to Austin on the third day of March, 1870, for which, on that day, his receipt was given in writing.

As we have seen, the law by which the duty of collecting such assessments was imposed upon Austin, as tax collector, was enacted on the 27th of March, 1868.

This was about nine months before he gave his bond with sureties.

As we understand the decision of this court in *Randall* v. *Austin,* it declared, *inter alia,* that the latter's responsibility to a claimant of such moneys as those now in controversy was as tax collector, and not as an individual.

That being so, such cause of action must necessarily flow from the violation of a duty as such officer, for the due and proper performance of which his sureties have obligated themselves to be responsible. Austin, as tax collector, received the plaintiff's money, and neither paid it to the city and county treasurer nor to her. It was his duty as tax collector, the city and county having absolved him from all responsibility, to have paid it to the plaintiff on her demand. And it makes no material difference whether this duty was imposed by the act of 1868, passed before he executed his bond, or under that of 1870, enacted after that occurrence. His sureties undertook to be responsible for the due performance of all such duties as were imposed upon Austin by virtue of his office, whether the same were attached to it, as such, before or after the bond was executed. (*People* v. *Edwards,* 9 Cal. 292.)

As to the statute of limitations, we think it very clear that the plaintiff had no right to bring an action for her money until it was judicially determined whether or not

she was the person to whom the city would deed the land, and might take the money she had paid to the tax collector and apply it to the purpose contemplated by order No. 800, and the acts of the legislature, *supra.*

When, in February, 1878, it was thus determined that she had no right to demand of the city a deed to the lands in controversy between her and Ballou, she could then have demanded her money, and her right of action accrued.

The present action was commenced January 14, 1880, and was not barred by the statute of limitations.

We are of opinion that in this action the sureties were liable to the plaintiff, and concur fully in the opinion of Department Two of this court, that the judgment should be reversed and cause remanded, with directions to overrule the demurrer, with leave to answer.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, judgment reversed and cause remanded, with direction to overrule the demurrer, with leave to defendants to answer.

The following is the opinion of Department Two above referred to, rendered on the 10th of January, 1885:—

MYRICK, J.—This action was brought against the administrator of Austin, deceased, late tax collector of the city and county of San Francisco, and the sureties on his official bond. The defendants (sureties) severally demurred to the amended complaint; the demurrers were sustained, on the ground that the complaint did not state facts sufficient to show a cause of action against said sureties. The facts stated in the complaint are, in substance, that plaintiff, claiming to be the owner of certain outside lands of said city and county, caused the same to be delineated on the "Outside Land Map," under section 4 of order No. 800, and paid $609 dollars to the

said Austin as tax collector, taking his receipt therefor; that a suit then pending between plaintiff and other claimants terminated against plaintiff, and the other claimants were adjudged to be the owners of the lands; and that by leave of the board of supervisors she was permitted to withdraw her protest and the receipt. Austin subsequently died without having paid the money to the city and county treasurer. The defendant Doolan was appointed administrator of the estate of Austin, and in due time the plaintiff presented a claim against said estate, which claim was disallowed; plaintiff thereupon brought suit against said administrator and the defendants herein, and summons was served, and such proceedings were had that, after the commencement of this suit, but before the filing of the amended complaint, judgment was rendered against said administrator.

1. The point is presented that there is a misjoinder of parties defendant, in that the administrator of Austin's estate is joined with the sureties on the official bond of Austin. It has been held in some cases that the representative of a deceased obligor cannot be joined with the co-obligors in an action on a bond, on the ground that one is charged *de bonis testatoris*, and the other *de bonis propriis*, and the judgment against the one would be different from that against the other. That reason does not prevail under the practice in this state, as the court is by the code authorized to render such judgment as will give effectual relief. The statute requires that before an administrator can be sued on an obligation arising in the lifetime of the deceased, a claim should be presented; after presentation and disallowance, suit may be brought against the representative as such, but the judgment, as against him, must be that the amount be paid in due course of administration. That does not prevent the rendering of a proper judgment against surviving co-obligors.

2. It is urged that two causes of action are improperly joined, viz., an action against the administrator to establish a claim, and against the sureties on his official bond. The point is not well taken. What is said above as to the first point will apply here.

3. It is claimed that as it was the duty of the tax collector to turn over to the treasurer all moneys lawfully received by him as such (the plaintiff in such case to have recourse upon the city and county treasury), his sureties are not responsible for moneys so received by him but not turned over. As the tax collector received the money in his official capacity (giving his receipt therefor), and did not pay it over, we apprehend that the sureties are not in a position to avail themselves of his failure to pay over. If it was his duty to pay over, his paying over would, of course, relieve his sureties: would his failure to pay also relieve his sureties? We think not.

4. As to the statute of limitations: although plaintiff paid the money to the tax collector in 1870, yet not until February, 1878, was the suit of *Lawrence* v. *Ballou* (the suit involving the rights of the respective claimants to the lands) finally disposed of; not until September, 1878, had she leave to withdraw her protest and receipt; and this action was commenced January 14, 1880, clearly within the proper time as to either of those dates. The statute of limitations did not commence to run until plaintiff had a right to have her money, which was not before February, 1878. If she had sued before that date, she must have gone out of court, as being premature.

Judgment reversed and cause remanded, with directions to overrule the demurrers, with leave to answer.

Rehearing denied.