[Sac. No. 1290.   Department One.—February 4, 1905.]

In the Matter of the Estate of J. B. McDOUGALD, Deceased. CARRIE B. McDOUGALD, as Administratrix and Individually, Appellant, v. LOUISE E. BOGGS, Executrix, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF ADMINISTRATRIX—CLAIM FOR PURCHASED MORTGAGE—TAXES.—Where an administratrix has purchased a mortgage claim which has been allowed and settled as a secured claim, and the mortgaged property is insufficient in value, it is her duty to list the mortgage for taxation, and she was properly disallowed in the settlement of her final account for taxes

paid by her which were assessed upon the land and would have been assessed on the mortgage but for her failure to list it.

ID.—EXECUTED ORAL CONTRACT TO REDUCE INTEREST FOR PAYMENT OF TAXES—INSOLVENT ESTATE—EVIDENCE.—An oral agreement between the deceased and the original mortgagee, whereby the interest on the mortgage note was reduced from ten per cent to seven per cent in consideration of payment of taxes by the deceased, in so far as it was executed in his lifetime, was valid; but where the estate is insolvent the law reduces the interest to seven per cent, and the administratrix after purchasing the mortgage cannot be allowed to profit personally by reason of such oral agreement, and evidence thereof in her behalf was properly excluded.

ID.—CONSIDERATION FOR AGREEMENT TO REDUCE INTEREST.—The advancing of the necessary money for the benefit of the mortgagee, and the services of the mortgagor in attending at the office of the tax-collector, making the payment, and procuring the receipt therefor, all of which, in the absence of such agreement, the mortgagee must do, and the mortgagor is under no obligation to perform, constitutes a sufficient consideration for the agreement to rebate the interest, and make the written executory agreement, or the executed oral agreement, lawful.

ID.—DIVIDENDS FROM RENTS—PROCEEDS OF SALE—MORTGAGEE NOT A PREFERRED CREDITOR.—Where the mortgage was purchased by the administratrix personally to prevent a sale, and the property was not sold, rents and profits of the mortgaged real estate collected by the administratrix cannot be deemed part of the proceeds of sale, and the owner of the mortgage has no lien upon them and is not a preferred creditor in relation thereto; but they form part of the general assets, and where the estate is insolvent proportional dividends must be made therefrom.

ID.—ENTIRE MORTGAGE DEBT TO SHARE PROPORTIONATELY.—For the purpose of sharing in dividends from the general assets in such case, the entire amount of the mortgage debt is to be deemed a debt of the fifth class under section 1643 of the Code of Civil Procedure, and the court had no authority to inquire into the value of the unsold mortgaged property, and to allow only a contingent dividend for the amount of the excess.

ID.—CONSTRUCTION OF CODE—CONTINGENT CLAIM—MORTGAGE DEBT.—Where the entire mortgage debt is due, and the amount is undisputed, it is not a contingent or disputed claim within the meaning of section 1648 of the Code of Civil Procedure.

APPEALS from an order of the Superior Court of San Joaquin County settling the account of an administratrix. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, for Appellant.

Louttit & Louttit, and Buck & Middlecoff, for Louise E. Boggs, Executrix, etc., Respondent.

J. B. Webster, and C. H. Fairall, for M. Goldman, Respondent.

Minor & Washington, for Hedge, Buck & Co., Respondent.

SHAW, J.—This case presents two appeals by Carrie B. McDougald from the order settling her second account as administratrix of the estate—one taken by her as administratrix, the other as the holder of a claim secured by mortgage.

The entire assets of the estate consist of the real estate covered by the mortgage held by Carrie B. McDougald, $6,822.95, received by her after her appointment, as rentals of said real estate, and five hundred dollars received on a life-insurance policy.

1. The principal point urged by the administratrix in her representative capacity is the action of the court in rejecting an item of taxes. In her account she claimed credit for $2,129.67, paid as taxes on the real estate described in her mortgage. The court rejected this item, and charged the amount as a part of the balance on hand out of which dividends were to be paid. We think this action of the court was correct. It appears that she did not list her mortgage interest for assessment, but allowed the land to be taxed in the same manner as if there was no mortgage thereon. As holder of the mortgage interest, it was her duty to list it for taxation, and the taxes consequently levied on that interest would be her individual debt, and not the debt of the estate. The debt being greater than the value of the land, there could have been no excess on which the estate would have been taxed. The mortgage debt would therefore have covered it all. She cannot be allowed to do indirectly what she could not do directly, especially when in her trust capacity as administratrix she was held to the utmost good faith in dealing with the estate. Equity will regard that done which ought to have been done, and the matter must be adjusted by requiring her to bear the burden of the taxes which she should have paid

as fully as she would have borne it had she listed her mortgage interest for taxation as she ought.

In this connection, she offered to prove a parol agreement between the deceased and Parker, the original mortgagee, at the time of the execution of the mortgage, to the effect that, if the deceased would each year pay the taxes on the entire estate in the property, including the interest of both mortgagor and mortgagee, the mortgagee would remit three tenths of the interest provided in the note, and would accept a payment of seven per cent as a full payment of the interest on the debt; that this arrangement was carried out during the lifetime of the deceased; that when she procured the mortgage to be assigned to her she immediately transferred it to the Stockton Savings Bank as collateral security for a debt she personally owed to the bank, and that thereafter she, as administratrix, and said bank had continued to act under the same arrangement in regard to taxes and interest. This was objected to on the ground that it was an oral agreement purporting to change the terms of the note and mortgage, and the objection was sustained. Doubtless, as an executory agreement to bind the parties in the future, and so far as it was unperformed, it was invalid. But it would have been valid if it had been in writing (*Hewitt* v. *Dean,* 91 Cal. 5), and, so far as it had been performed by the deceased, we see no reason why it was not valid as an executed parol agreement. (Civ. Code, sec. 1698.) The validity of such agreement arises from the fact that, apart from the loan of the money, there is a lawful and valuable consideration for the promise of the mortgagee to rebate the interest. The advancing of the necessary money for the benefit of the mortgagee, and the services of the mortgagor in attending at the office of the tax-collector, making the payment, and procuring the receipt therefor, all of which, in the absence of such agreement, the mortgagee must do, and the mortgagor is under no obligation to perform, constitute a sufficient consideration for the agreement to rebate the interest, and make the written executory agreement, or the executed oral agreement, lawful. In substance, it is but a part payment of the interest. But although the objection made may not have been well taken, the evidence was properly excluded for other reasons. The note

on its face bore ten per cent interest. The estate being insolvent, as the court found, the holder of the mortgage claim could not charge or receive more than seven per cent interest thereon. (Code Civ. Proc., sec. 1494.) The reduction of the rate of interest from ten per cent to seven per cent was therefore already accomplished in this case by the law, and the estate received, and could receive, no benefit whatever from the arrangement. There being no reciprocal benefits, the administratrix as mortgagee cannot be allowed to profit personally by the arrangement. There was no error in this ruling.

2. Objection is made to the action of the court in refusing to allow the credit for $2,943.72, credited as interest on the mortgage debt held by her. This item was disallowed and was charged to her, as administratrix, as a part of the balance to be distributed as dividends. The court held that the rents of the mortgaged property were not a part of the "proceeds" of the property, as that term is used in section 1644 of the Code of Civil Procedure, but were general assets of the estate, and that the mortgage debt of the administratrix was not entitled to a preference over the general debts in the distribution of such rents. It further held that the mortgage claim could not be classed with the unsecured claims, so as to be entitled to a dividend out of the general assets estimated upon its full amount, but that as to that claim the dividends should be estimated only upon the excess of the claim over the value of the mortgaged property. Accordingly, testimony was taken, the value of the land determined, the excess of the claim was found to be $7,491.76, and upon this sum the court allowed a "contingent" dividend of $412.32, to be paid to her only in the event that she should thereafter become entitled thereto. We presume that by this the court meant that this sum should be paid to her only in the event that upon a foreclosure sale there should be a deficiency judgment for the amount stated as the excess of the debt over the value of the property mortgaged.

We find no statutory authority for the action of the court in endeavoring to ascertain the probable deficiency and directing that a contingent dividend thereon be retained until the actual deficiency should be determined. It was evidently based on the following part of section 1648 of the Code of,

Civil Procedure: "If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into the court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require." The claim on the mortgage debt was due and the amount was not disputed. If we concede that it was contingent to the extent that the amount of the "proceeds" of the property mortgaged was not ascertained and could not be determined until there was a sale thereof, and hence that the balance that would remain after the application of such proceeds thereon was uncertain and indeterminable, still there is nothing in the statute that warrants the taking of testimony by the court to ascertain the probable deficiency, or the determination by the court of the probable deficiency in any manner. The section quoted contemplates that an amount shall be paid into court for the benefit of such contingent claim equal to the amount that would be payable thereon if the whole of it were established as absolute. This would require a contingent dividend on the whole claim. We do not think this is the sort of a contingent claim referred to in that section.

Section 1643 of the Code of Civil Procedure divides the debts of the estate into five classes, to be paid in the order there given. We are here concerned only with the fourth and fifth classes. The fourth class is described as "Judgments rendered against the decedent in his lifetime, and mortgages in the order of their date," and the fifth class as "All other demands against the estate." Section 1644 provides that "The preference given in the preceding section to a mortgage only extends to the proceeds of the property mortgaged. If the proceeds of such property is insufficient to pay the mortgage, the part remaining unsatisfied must be classed with other demands against the estate." Section 1645 declares that "If the estate is insufficient to pay all the debts of any one class, each creditor must be paid a dividend in proportion to his claims; and no creditor of any one class shall receive any payment until all those of the preceding class are fully paid." The word "proceeds" as here used does not

include the rents of the property accruing before the sale, at least where the rents, issues, or profits of the property are not included in the mortgage. The court therefore properly held that the rents were general assets of the estate on which the mortgage was not a lien and in which it was entitled to no preference. The preference given to mortgage debts by section 1643 is by section 1644 clearly limited to the proceeds arising from the property mortgaged, either upon a foreclosure sale or a sale by the administrator under section 1569.

We think, however, that in calculating the dividend to be paid out of the general assets, where there has been no sale of the property mortgaged, the mortgage debt must be classed as a claim of the fifth class and allowed a dividend estimated upon the full amount of the claim without any deduction for the probable proceeds of a future sale. As the preference of the mortgage debt is limited to the proceeds of the property, it follows that, where there are no proceeds in question, there can be no preference, and the mortgage debt, in such circumstances, ranks as an unsecured claim and stands in the fifth class as to the general assets. The second clause of section 1644 manifestly can have no application whatever until there has been a sale. It does not have the effect of a declaration that prior to a sale the mortgage debt cannot participate in any dividend of the general assets. The effect of the three sections, properly construed, is that with respect to the proceeds of the mortgaged property, the mortgage debt shall have the preference and be first paid, and that, where there are no proceeds before the court upon which such preference can operate, the claim has no preference at all, and must be classed with other demands against the estate as a debt of the fifth class. Otherwise it would either be unclassified entirely, or, being still classed as one of the fourth class, it would be entitled to preference by virtue of section 1645. It must belong to one or the other of these classes, and the most reasonable interpretation of the code is to give it rank, as to general assets, as a claim of the fifth class and entitled to share to its full amount in the dividend.

The conclusion is, that the court erred in establishing a dividend only upon the supposed deficiency and in allowing it as a contingent dividend. It was entitled to an absolute

dividend to the extent of its proportion, estimated upon the whole amount of the claim, in the same manner as the other debts.

The order is affirmed as to all parts thereof except the order declaring and allowing a dividend upon the money adjudged to be on hand. The part of the order declaring the dividend on the claims is reversed and the cause remanded, with directions to the court below to estimate and order payment of a dividend upon the mortgage debt, or any part thereof then remaining unpaid, as a claim of the fifth class.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.