[No. 2340]

W. E. PRUETT, AS GUARDIAN OF THE PERSON AND ESTATE OF CHARLES A. ZITTERBARTH (A MINOR), RESPONDENT, *v.* DAN CADDIGAN, AS EXECUTOR OF THE ESTATE OF DAN O'KEEFE, DECEASED, AND W. H. NOYES; AND DAN CADDIGAN, AS EXECUTOR OF THE ESTATE OF DAN O'KEEFE, DECEASED, APPELLANT.

[176 Pac. 787]

1. JUDGMENT—JOINT AND SEVERAL—ACTION AGAINST EXECUTOR AND ANOTHER.

In view of Rev. Laws, 5004, 5240, and 5241, a joint and several judgment in action on bond against the executor of deceased surety and the surviving surety was not erroneous because against one de bonis propriis, and against the other de bonis testatoris.

2. EXECUTORS AND ADMINISTRATORS—FILING OF CLAIM—CONSTRUCTION OF STATUTE.

A claim which is to be paid at a future date, and is so contingent that it is uncertain whether or not any demand will accrue, is not such a claim as is required to be filed within three months after the date of the first publication of notice to creditors under Rev. Laws, 5964.

3. EXECUTORS AND ADMINISTRATORS—DISTRIBUTION OF ESTATE—"CONTINGENT CLAIM."

The obligation of a surety on a guardian's bond, being a subsisting one, is not a "contingent claim" referred to in Rev. Laws, 6057, providing for payment into court of amount that would be payable if the whole were established as absolute.

4. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

That the judgment as to appellant was not in the form as provided by statute was not prejudicial.

5. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

Court's refusal to strike out an irrelevant and immaterial paragraph in complaint was not prejudicial to defendant.

APPEAL from Second Judicial District Court, Washoe County; *Mark R. Averill,* Judge.

Action by W. E. Pruett, as guardian of the person and estate of Charles A. Zitterbarth, a minor, against

Dan Caddigan, as executor of the estate of Dan O'Keefe, deceased, and another. Judgment for plaintiff, and named defendant appeals. **Affirmed.**

*Lunsford & Salisbury,* for Appellant:

There was a misjoinder of parties defendant in the action, plaintiff's complaint seeking to join the personal representative of a deceased obligor upon an alleged joint and several obligation, as a party defendant with a surviving obligor. The common law did not sanction such a joinder, either upon a joint obligation or upon a joint and several obligation. The great weight of authority is that such a joinder is not permitted under the codes, except in those states where special statutory permission exists therefor. 5 Cyc. 822; Humphreys v. Crane, 5 Cal. 173; Lawrence v. Doolan, 68 Cal. 633, 5 Pac. 484; Pomeroy, R. & R. Rights, sec. 302; Bliss, Code Pleading, secs. 105, 107; Maples v. Geller, 1 Nev. 233.

The court erred in overruling the demurrer to plaintiff's amended complaint, and the judgment cannot stand, because the amended complaint fails to state a cause of action. The complaint fails to allege any presentation of the claim to the executor of the estate, or any reason for a failure on the part of plaintiff to present his claim within the time allowed by law for the presentation of the creditors' claims. Ellison v. Halleck, 6 Cal. 386; Eustace v. Jahns, 38 Cal. 3; Hentsch v. Porter, 10 Cal. 558; Burke v. Maguire, 98 Pac. 23. "Where the statute provides that claims must be presented for allowance and rejected before action can be commenced thereon, all the facts necessary to show a valid presentation and rejection, with the dates on which they severally occurred, must be alleged." Sutherland, Code Pleading, secs. 38, 3331.

The court erred in denying the motion of the executor to strike from the amended complaint immaterial matter.

The judgment of the court is erroneous, not being in the form required by the statute. Rev. Laws, 5974. "The judgment, however, is not in proper form. It seems to be a personal judgment against the defendant,

for the collection of which an execution is awarded. Such is not the proper form. The judgment should first ascertain the amount due and adjudge the same to be a valid claim against the estate, and then provide that the same be paid by the defendant in the due course of administration." Rice v. Inskeep, 34 Cal. 226.

*James T. Boyd* and *Roy W. Stoddard,* for Respondent:

While the common-law rule did not sanction a joinder of a surviving obligor with the personal representative of a deceased obligor in an action upon a joint and several obligation, the rule has been changed in many states, and particularly in this state, by statute. The great weight of authority is to the effect that such joinder is now permitted, even in code states where no special statutory permission exists therefor. Rev. Laws, 4999, 6027.

It is also a common-law rule that if the interest of obligees in a bond is joint and not several, and all the joint obligees are indemnified, they must be joined as plaintiffs in an action on the bond. 4 R. C. L., p. 65. This rule is not in question here, but the same principle is involved. Deegan v. Deegan, 22 Nev. 199; 12 R. C. L., p. 1166; 18 Cyc. p. 1295; Rev. Laws, 6155.

"A claim against the estate of the deceased surety on the guardian's bond is contingent until there has been a settlement of the guardian's accounts." Hantzch v. Massolt, 61 Minn. 361, 63 N. W. 1069. "Such a claim is also contingent until the termination of the guardianship." State v. Buck, 63 Ark. 218; Palmer v. Pollick, 26 Minn. 433; 18 Cyc. 456–459; 11 R. C. L. 205–206; Fallon v. Butler, 21 Cal. 24; Toulouse v. Burkett, 10 Pac. 30. A contingent claim is one in which the liability depends upon some future event which may or may not happen, and which makes it wholly uncertain whether there ever will be a liability. Jorgensen v. Larson, 85 Minn. 134; Sargent v. Kimball, 37 Vt. 321; Green v. Dyer, 32 Me. 460.

The judgment is in full compliance with the statute.

Rev. Laws, 5974. "The judgment must be that the executor or administrator pay in due course of administration the amount ascertained to be due, and directed that the cause be remanded, with direction to the court below to modify the judgment by adding to the same the words 'to be paid in due course of administration,' and as thus modified the judgment will stand affirmed." Moore v. Russell, 133 Cal. 297, 65 Pac. 624.

By the Court, SANDERS, J.:

This is an action against sureties on a guardian's bond. The undisputed facts are as follows:

C. C. Paul, in 1911, was appointed guardian of the person and estate of Charles A. Zitterbarth, a minor, and gave bond in the sum of $2,500, payable to said Zitterbarth, with W. H. Noyes and Dan O'Keefe as sureties. The bond is several and joint in form, conditioned on the faithful execution of the duties of his office according to law, and binding on the heirs, executors, and administrators of the obligors. In August, 1915, O'Keefe died testate. In September, 1915, Dan Caddigan was appointed executor of O'Keefe's estate. In September, 1915, the executor published notice to creditors in all respects as required by law, and in April, 1916, the executor filed his final account as such. In March, 1916, Paul, by court order, filed his first account in the matter of the guardianship. This account was rejected, and thereafter such proceeding was had upon his second account as resulted, in June, 1916, in his removal and judgment against him in the sum of $3,421.96, moneys of his ward found to have been appropriated by Paul to his own use, in violation of his trust. Execution issued on the judgment and was returned wholly unsatisfied. In August, 1916, W. E. Pruett, the respondent, qualified as guardian of Zitterbarth, and in December, 1916, Pruett brought this action against Noyes, the survivor, and Caddigan, the executor of the deceased, to recover a joint and several judgment in accordance with their joint and several undertaking. Caddigan, the executor,

demurred to the complaint upon numerous grounds, principally that there is a misjoinder of parties defendant, as a joint action cannot be maintained, in the absence of legislative authority, against the survivor and the deceased surety, and also that the complaint fails to allege that the claim was filed with the clerk of the court within three months after the date of the first publication of notice to creditors of the estate of Dan O'Keefe, deceased. Rev. Laws, 5964.

The demurrer was overruled. Thereupon Caddigan, by his answer to the complaint, denied generally its allegations, and set up by way of affirmative defenses, among others, the misjoinder of parties defendant and the nonclaim statute. The court sustained the demurrer to these defenses and granted plaintiff's motion to strike the same from the answer. The cause was tried by the court without a jury, and the court rendered a joint and several judgment against the defendants for the sum demanded in the complaint, $2,500, and ordered that a copy of the judgment be filed in the matter of the estate of Dan O'Keefe, deceased, and with the executor of said estate, and that the judgment be paid in due course of administration. Caddigan, the executor, appeals to this court from the judgment and the order overruling and denying his motion for a new trial.

The district court was of the opinion that Caddigan, the executor, was properly joined with Noyes, the survivor, because he was a party in interest. Rev. Laws, 4999. By the greater weight of authority, if the common-law rule remains unaffected by statute in case of the death of one of the obligors, a joint action cannot be maintained against the survivor and the representative of the deceased. 5 Cyc. 822. The question is: Does the common-law rule prevail under our practice? If, as is argued, the joinder of the survivor with the representative defeats the action because the same judgment cannot be rendered against both, we reply that the same difficulty would be presented where the representative is brought in by reason of the death occurring after the

action is brought. If the rights of the parties could be determined when the representative is brought in by reason of the death occurring during the pendency of the action, then they could be determined equally as well where the death occurred before the action was commenced. Rev. Laws, 5004; Erie County v. Baltz, 125 App. Div. 144, 109 N. Y. Supp. 308. Furthermore, under our practice, where the undertaking is a several as well as joint obligation, as is the case here, the court by statute is given the discretion to render a separate judgment. Rev. Laws, 5240; Tinkum v. O'Neale, 5 Nev. 93; Evans v. Cook, 11 Nev. 72. Our practice act also provides that the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. Rev. Laws, 5241; Lawrence v. Doolan, 68 Cal. 309, 5 Pac. 484, 9 Pac. 159.

1. Entertaining these views, we conclude that the reason for the common-law rule does not prevail under our practice. The judgment is not erroneous, because against one it is de bonis propriis, and against the other de bonis testatoris.

2. The next question presented for our determination is: Do purely contingent claims fall within the nonclaim section of the practice act relative to the filing of claims against the estates of deceased persons? Rev. Laws, 5964. Without going at large into the inquiry as to what claims must be filed under this section, it is sufficient for the purposes of the point discussed, and upon which the case was made to turn in the court below, to say that, where the claim if payable or to be satisfied at a future date rests in contingency and it is uncertain whether or not any demand will accrue, it is not such a claim as must be filed. Jones v. Cooper, 2 Aikens (Vt.) 54, 16 Am. Dec. 678; Woodard v. Herbert, 24 Me. 362; Loring v. Kendall, 1 Gray (Mass.) 314; Mann v. Everts, 64 Wis. 372, 25 N. W. 209; South Milwaukee Co. v. Murphy, 112 Wis. 614, 88 N. W. 583, 58 L. R. A. 82; McDowell v. Brantley, 80 Ala. 178; Pinkston v. Huie, 9 Ala. 257. But it is the contention of counsel for appellant that the term "any

contingent claim," as used in Rev. Laws, 6557, relative to the distribution after final account, is too comprehensive not to include the bond in question. There is a distinction between a contingent demand and a contingency, whether there will ever be a demand. Woodard v. Herbert, supra. This distinction is borne out by the law. Rev. Laws, 6057, contemplates that an amount shall be paid into court for the benefit of such contingent claim, equal to the amount that would be payable thereon if the whole of it were established as absolute. Estate of McDougald, 146 Cal. 196, 79 Pac. 875. If the bond in question is such a claim as must be filed against the estate of the deceased surety before actual default of the principal, it could only be of the penalty of the bond, $2,500; nothing more definite, and nothing less in amount. In this situation, the sum of $2,500, the principal of the bond, would necessarily have to be subtracted from the total assets of the estate of O'Keefe and paid into court to await the happening of the contingency upon which it rests for payment. The legislature certainly could not have intended, by making provision for the protection of contingent claims, that the assets of an estate be tied up to await indefinitely the happening of an event that may never happen. McDowell v. Brantley, supra. If such result is intended, it clearly defeats one of the purposes of the nonclaim statute, namely, the speedy settlement of estates.

Since the decision in the case of Pico v. De La Guerra, 18 Cal. 428, the legislature, purposely and unmistakably to reverse the effect of the construction placed upon the nonclaim statute of the State of California, to the effect that a legal action could not be maintained against an executor upon a contingent claim until after it had been presented to the executor as a matured absolute claim, amended the law so that all claims arising upon contract, whether due, to become due, or contingent, must be filed within the time limited in the notice, or be barred forever. Verdier v. Roach, 96 Cal. 467, 31 Pac. 554. Whether it be advisable for our lawmakers to amend our statute so as to require contingent

claims, whatever be the character of the contingency, to be filed, is a matter for the legislature to consider.

3. We are of the opinion that a subsisting, outstanding, unbroken obligation, such as a guardian's bond, is not the sort of contingent claim referred to in Rev. Laws, 6057.

4. It is next objected that the judgment as to the appellant is not in form as provided by statute. We regard this objection as being more technical than real, and therefore not prejudicial.

5. It is also objected that the court erred in its refusal to strike a certain paragraph in the complaint, upon the ground that the same is irrelevant and immaterial. If this be true, clearly the appellant is not prejudiced by the ruling.

The overruling of the appellant's motion for a new trial presents substantially the same questions as were presented on the demurrer to the complaint and the affirmative defenses of the appellant. Having decided the main point adversely to the contention of appellant, it is useless to continue the discussion.

The judgment is affirmed.