## PAUL MAVRICH, Respondent, v. J. W. GRIER and HARRIET SMITH, Appellants.

A party taking a conveyance of real estate in trust for a married woman, may mortgage the same to secure the purchase money, the conveyance and mortgage being executed at the same time, and being part of the same transaction; and the fact that the *cestui que trust* at the same time executes her note (which is void because of her coverture) for the purchase money, does not invalidate the mortgage. Nor does her signature to a mortgage to which she is not properly a party, in any way affect its validity.

When a mortgage is executed by a trustee upon the trust estate, the *cestui que trust* is a necessary party to a suit for foreclosure, and if the *cestui que trust* is a *feme covert*, her husband is also a necessary party.

APPEAL from the District Court of the First Judicial District, Hon. C. BURBANK, presiding.

The facts of the case are fully stated in the opinion.

*C. E. DeLong*, for Appellant :

The husband of Mrs. Smith was a necessary party, and it was error to enter up a decree without making him a party. (Statutes of 1861, Sec. 7, p. 315.)

Mrs. Smith, being a married woman at the time of conveyance to Grier, was incapable of purchasing land, or making either note or mortgage : therefore the note and mortgage are both void.

If the note was invalid, the mortgage given to secure that note was equally invalid. The mortgage is a mere incident to the debt. (5 Cal. 502.)

The relation of debtor and creditor must exist between the parties to a mortgage. (*Hickok* v. *Low*, 10 Cal. 206.)

A married women has no power to execute a mortgage to secure a note given by her as a *feme covert.*   (*Simpers et al.* v. *Sloan,* 5 Cal. 458.)

The husband was a necessary party to this action, because the land having been acquired during coverture was community property, and inured to the benefit of the husband.

*David Bixler,* for Respondent:

Grier was created a trustee for Harriet Smith, by the deed under which he held; no appointment was necessary to make him a trustee.   (Hill on Trustees, 95–97; marginal notes, 63–65.)

In this case, the only evidence that Harriet Smith was a married woman is in her own testimony.   Being incompetent to testify in the case, either under the common law rule, or under our statute, her testimony on this point was wholly immaterial.

The failure to object on the part of the plaintiff made no difference : she could not have been made a competent witness even by consent.

It is contrary to public policy to allow a wife, even by consent of parties, to testify in any case where her husband is interested.   (1 Greenleaf Ev., Sec. 334 ; Norris' Peak on Ev. 249.)   There is no finding of fact on this point.   We may presume, therefore, the Judge wholly rejected the evidence.

Admitting, for the sake of the argument, that Harriet Smith is a married woman: can she now take advantage of the nonjoinder of the husband ?   That part of the answer setting up her coverture is in the nature of a plea of abatement.   This plea should have been disposed of before going to trial on the merits.   If found in her favor, (supposing appellant's theory to be correct) her husband should have been made a party.   But, having proceeded to trial on the merits, without previously disposing of the plea, the objection comes too late now.

This transaction took place before we had any statute in regard to community property, and must be tested by common law principles.   In equity a married woman was treated, as to her separate property, as a *feme sole,* and incident to her ownership was the power of disposing of property without the consent of her husband

(*Fittiplace* v. *Gerges*, 1 Ves. Jr. 46; *Sturgis* v. *Corp*, 13 Id. 190; *Essex* v. *Atkins*, 14 Id. 542); or, without the consent of her trustee, unless restrained by the terms of the instrument under which she holds. (*Jaques* v. *Methodist Church*, 17 Johnson, 548.)

In Courts of law, it is held that a married woman cannot legally execute a note, "yet, when such note or contract is made by her, for the benefit of her separate estate, or for her benefit, with the intention of charging it upon her separate estate, or where the consideration is obtained for the benefit of the estate, in equity, the note is valid and the estate chargeable with it." (*Francis & Baker* v. *Ross*, 17 How. P. R. 561; *White* v. *Storey*, 28 Id. 173–81; *Yale* v. *Dederer*, 22 N. Y. 450; *Yale* v. *Dederer*, 18 Id. 265; *Taylor* v. *Glenny*, 22 How. P. R. 240; *Maclay* v. *Love*, 25 Cal. 367, 379, 380, 381; *Dyett et al.* v. *North American Coal Co.*, 20 Wend. 570.)

In the case at bar it is alleged in the complaint, and not denied in the answer, that to secure the payment of the consideration and purchase money of the premises, and in consideration of the conveyance to Grier, in trust for her, she made the note in question; and that at the time of the execution and delivery of the conveyance by the plaintiff to Grier, and as one of the conditions thereof, and at the time of the execution and delivery of the note, Grier, at the special instance and request of Harriet Smith, made and delivered the mortgage.

The mortgage itself sets forth that it was intended to " secure the payment of the sum of two thousand dollars, the *purchase money* of said lot, the same being a note bearing interest, etc. * * * a copy of which note is hereunto attached on the other side."

Harriet Smith was not properly a party to this mortgage; her signature to it is only an additional circumstance tending to confirm the truth of the recitals in the mortgage.

If a married woman is bound for debts created for the benefit of her estate, *a fortiori* is she bound, or at least, is her estate bound for a debt created in the acquisition of that estate.

*DeLong*, in reply:

Section 340, Civil Practice Act, Statutes 1864, says: "*All*

*persons,* without exception, etc., may be witnesses in any action or proceeding, except as otherwise provided in this chapter," etc.

The only exception relating to married women being witnesses, is: " A husband shall not be a witness for or against his wife, *nor a wife a witness* for or against her husband," etc.

In this cause the husband not being a party to the action, clearly the wife was a competent witness.

But although this should not be so, still any matter is evidence which, being offered as such, is not objected to, and is admitted by the Court. It is worse than idle to answer this further.

According to the principles of the common law, this property was not the separate property of the wife. " A wife, during coverture, cannot acquire any property distinct from her husband." (*Comes* v. *Elling,* 3 Atk. 676 ; *Lamphiar* v. *Caerd,* 8 Vesey, 599.)

The legal existence and authority of the wife is, during coverture, merged in that of the husband. (2 Kent, 106.)

Husband and wife uniting in conveyance of wife's estate to a trustee, the husband has control of the issues or profits. (2 Grat. R. 280.)

Separate estate is only such estate as the wife holds, free from control of the husband. (4 Bouv. Inst. 272, Sec. 4000 ; 4 Barb. S. C. R. 407.)

This was not the separate property of the wife, because she was incapable of acquiring separate property. (4 Bouv. Inst. 273, Sec. 4002.)

A purchase of real estate by a *feme covert,* is voidable either by the husband, or by the wife, after she becomes a *feme sole.* (2 Kent, 134.)     The evidence shows Smith disavowed this purchase.

Opinion by BEATTY, C. J., BROSNAN, J., concurring.

In the month of May, 1863, Harriet Smith, a *feme covert,* entered into a contract with the plaintiff for the purchase of a house and lot in Virginia City.

The transaction was consummated by a conveyance of the lot from the plaintiff to J. W. Grier, to be held in trust for Harriet Smith. At the same time, and as a part of the same transaction,

Harriet Smith executed and delivered to plaintiff her promissory note for $2,000, bearing interest from date at four per cent. per month, and due October 1st, 1864, as the price of the house and lot. As a part of the same transaction, a mortgage was executed and delivered to plaintiff. The mortgage commences with this recital: " This indenture, made the 15th day of May * * * between John W. Grier, trustee of Mrs. Harriet Smith, of * * * and Paul Mavrich," etc. Then follow the usual words of conveyance, description of property, etc., and then follows the following recital:

" This conveyance is intended as a mortgage to secure the payment of the sum of $2,000, the purchase money of said lot, the same being a note bearing interest at four per centum per month," etc.

The mortgage is signed by Harriet Smith and John W. Grier.

For a while the interest was paid on the note. Afterwards the interest ceased to be paid, and the time of credit having expired, the plaintiff filed his bill to foreclose the mortgage. Grier and Harriet Smith alone were made defendants.

The defendants answer, and the only material facts they state in the answer are these: That at the time of the original transaction Harriet Smith was a married woman, and her husband was then living within the jurisdiction of the Court; that she was still a married woman, living with her husband within the jurisdiction of the Court, and always, since the beginning of the transaction, had been a married woman, so living with her husband within the jurisdiction of the Court. On the trial she proved satisfactorily that she was a married woman, and her husband was within the jurisdiction of the Court.

The Court, without making the husband a party, entered a decree for the sale of the mortgaged property. From this decree defendants appeal.

They make several points in the case which it appears to the Court scarcely require notice; yet, as they seem to be relied on in good faith, we will here dispose of them. `

It is contended that the mortgage cannot be enforced because Mrs. Smith, as a married woman, could not bind herself either by note or mortgage. It is true Mrs. Smith could not make a valid

and binding contract; her note was not an instrument upon which she could be sued in a court of law. The mortgage does not purport to be her deed. Her signature to it is mere surplusage. The deed was made to Grier, and he executed at the same time a mortgage to secure the purchase money. This he had a right to do, and the property was thereby bound, and not the less so because Mrs. Smith had made a void note. He describes himself therein as the trustee of Mrs. Smith, which was proper and right enough, but we cannot see that the mortgage would have been less valid if he had not so described himself. He took the legal title from the plaintiff, and he had the power to mortgage that title to secure the purchase price of the land. The interest of Mrs. Smith, as *cestui que trust*, was subordinate to the mortgage.

We hardly suppose that counsel is serious in his objection that Grier could not act as trustee of Mrs. Smith, because he had not been appointed as such by any lawful authority. We know of no other authority necessary to make a man a trustee for another than the will of a grantor who executes the deed of trust, and of the grantee who accepts it. The objection to the nonjoinder of parties is more serious. It seems to be well settled that in a bill to foreclose a mortgage against a trustee, the *cestui que trust*, as the party beneficially interested, must be made a party. (See Story's Equity Pleadings, Secs. 207 and 209, and cases there cited.)

Mrs. Smith, then, although not properly a party to the mortgage, was a *necessary* defendant. When a married woman is a *necessary* defendant, it seems equally clear that the husband should also be a party to the suit, and joined with her; unless, indeed, when his interests are adverse, in which case he might be a plaintiff.

It is true that it has sometimes been contended that where the wife's interest is entirely distinct from that of her husband, and the litigation is about her separate property, that the husband need not be joined. But all the cases cited in support of this doctrine seem to be cases where the husband was without the jurisdiction of the Court, or there was a deed of separate maintenance between the parties, or some other special reason for it. When there is no difficulty in bringing the husband in, we think the Court should not

proceed to a decree before he is brought into Court.    (See Story's Equity Pleadings, Secs. 61 and 63.)

The judgment of the Court below is therefore reversed, and the cause remanded.

The Court below will cause the husband of Mrs. Smith to be made a party defendant, and upon his answering or suffering default, will proceed to enter the proper decree in the case.

As the defense in this case seems to be frivolous, and merely for delay, and the error on which the case is reversed merely technical, we will not allow costs to the appellant; but the costs in this Court shall abide the final result of the suit in the Court below.

Upon petition for rehearing or modification of the judgment in the foregoing case, the following order was made :

Opinion by LEWIS, J., BEATTY, C. J., concurring.

In reversing the judgment of the Court below in this cause, it was ordered that the costs on appeal should abide the final determination of the action.    Upon this, the appellant petitions for a rehearing, or a modification of our order in this respect.    We are satisfied, upon reflection, that the appellant should recover his costs upon this appeal, and that our first conclusion was incorrect.    The judgment of this Court must therefore be so modified as to allow the appellant his costs upon this appeal.