GWENDOLYN REED, as Executrix of the Last Will of GEORGE S. REED, Deceased, Petitioner, v. THE SIXTH JUDICIAL DISTRICT COURT of the State of Nevada, in and for the County of Humboldt, and Honorable PETER BREEN, District Judge, Respondents.

No. 4201

June 23, 1959                    341 P.2d 100

*Goldwater, Taber & Hill,* of Reno, for Petitioner.

*Ernest S. Brown* and *William L. Hammersmith,* of Reno, for Respondents.

## OPINION

By the Court, MERRILL, C. J.:

Petitioner as executrix of the last will of George S. Reed, deceased, seeks a writ of prohibition commanding respondent court and judge to refrain from proceeding further with an action now pending against her in her representative capacity. That action was brought by Joseph C. and Helen R. Cardoza to secure rescission of a contract for purchase of land located in Humboldt County, restitution of purchase price, and general damages.

Petitioner asserts that no claim against the estate she represents was filed by the Cardozas within the time prescribed by NRS 147.040; that they are therefore without right to assert their claim against the estate and that respondent court is without jurisdiction to proceed with an action against the estate founded upon such claim. A motion by petitioner to dismiss the action against her in her representative capacity was denied by the trial court. Her petition was then filed with this court and an alternative writ of prohibition was issued.

NRS 147.040 requires that "all persons having claims against the deceased" shall file their claims with the clerk of the court within three months from the first publication of notice to creditors. Otherwise, such claims "shall be forever barred."

The sole question presented by this proceeding is whether a claim for rescission and restitution is such a claim as falls within the bar of the statute.

The complaint filed by the Cardozas alleges that they entered into a contract to purchase the land in question from decedent and his wife, Gwendolyn Reed; that the Reeds fraudulently misrepresented the extent of the land covered by the agreement. The action was brought against Gwendolyn Reed individually and as executrix and also against certain individual heirs of George S. Reed. It prays for cancellation of the contract, restitution of $18,255 paid on purchase price and $6,850 expended in improvements, a total of $25,105 plus

$10,000 for general damages. The complaint states, "The plaintiffs do hereby cancel and rescind the contract of sale * * * ." and "The plaintiffs do hereby tender all of said property described in the contract of sale to the defendants * * *."

It is universally recognized that not all rights asserted against a decedent are included within the bar of non-claim. An example is the recovery of property held by the decedent in trust. Since such property does not form a portion of the assets of the estate, its recovery in no wise diminishes the estate and a claim to it is not a claim against the property constituting the estate. Thompson v. Crockett, 19 Nev. 242, 9 P. 121; In Re Dabney's Estate, 37 Cal.2d 672, 234 P.2d 962.

Petitioner contends that regardless of whether the asserted rights of the Cardozas are founded in equity or in law the claim before us, in effect, is a general money demand against the estate, and as such falls within the bar of the statute.

In response to this contention we note first that it relates to damages and to the restitution aspect of rescission. When one examines the other aspect of rescission—the claim for cancellation of the contract of sale—it is clear that this is not a claim against the property constituting the estate but is one which asserts that an asset claimed by the estate is not in truth its property. Such a claim need not be filed.

Whether or not respondent court has authority to direct restitution by the estate, then, or to assess damages against it, it clearly has jurisdiction to cancel a contract which the estate improperly claims as an asset and to establish as an asset (in lieu of the contract) an interest in the realty involved.

We note further, however, as to the restitution aspect of the action, that in such a case as this, the rules of

equity give the purchaser a lien upon the real estate which is the subject of the rescinded sale to the extent that restitution is proper. McCall v. Superior Ct., 1 Cal.2d 527, 36 P.2d 642, 95 A.L.R. 1019; Metz v. Forest Hills Homes, 197 Misc. 968, 95 N.Y.S.2d 29; See Restatement of the Law, Restitution, p. 18, sec. 4(d), p. 650, sec. 161.

NRS 147.150 provides that the filing of a claim is not a necessary prerequisite to the bringing of an action to foreclose a lien against property of the estate "where all recourse against any other property of the estate is expressly waived in the complaint."

The Cardozas in their action have not expressly sought foreclosure of a lien, nor have they waived further recourse against the estate's assets. However, in the light of this section, a dismissal of the action without leave to amend would not have been proper.

We conclude that respondent court did not err in denying petitioner's motion to dismiss; that said court has jurisdiction to proceed with the pending action; that prohibition therefore is not proper.

Writ denied and proceedings dismissed.

McNAMEE and BADT, JJ., concur.