CONTINENTAL COFFEE COMPANY, APPELLANT, *v.* THE ESTATE OF WILBUR I. CLARK, RESPONDENT.

No. 5398

March 18, 1968                                    438 P.2d 818

[Rehearing denied May 2, 1968]

*Wiener, Goldwater & Galatz* and *J. Charles Thompson,* of Las Vegas, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This appeal is from a judgment of the lower court refusing to allow filing of a late creditor's claim in a probate proceeding. We hold that there was no abuse of discretion in the ruling and affirm the judgment.

The late Wilbur I. Clark had, during his lifetime, guaranteed

payment upon demand of four promissory notes payable to Continental Coffee Company, an Illinois corporation. The different corporate makers of those four promissory notes were business associates of Clark. The sums due on the notes totaled approximately $72,000.

Clark, a resident of Nevada, died testate in California on August 27, 1965. He owned property in both states. The bulk of it however was located in Nevada.

Primary probate of his will and administration of his estate were initiated in Clark County, Nevada. Notice to creditors was published commencing September 17, 1965 pursuant to NRS 147.010(1).[1] The time within which claims could be filed as limited in 147.040[2] expired December 17, 1965. None of the claims in issue was filed within that time.

Ancillary administration of Clark's estate was initiated in San Diego, California, October 15, 1966. The foreign will was admitted to probate and notice to California creditors given in accordance with the requirements of the law of that jurisdiction. The four claims in issue here were timely filed in the California proceeding. The claims were rejected and suit was filed on them in the courts of that state.

On October 27, 1966, some 13 months after the first notice to creditors was published and 10 months after the time to file claims had ended, Continental Coffee Company filed its creditor's claims in the Nevada probate proceeding. They were rejected by the executors as coming too late. Thereafter, on December 30, 1966, a motion supported by the affidavit of Stanley Owens,[3] was filed with the court seeking permission to

[1]147.010(1). "1. Immediately after his appointment, every executor or administrator shall:

"(a) Cause to be published a notice of his appointment as executor or administrator in some newspaper published in the county, if there be one; if not, then in such newspaper as may be designated by the court or judge.

"(b) Post a copy of the notice at the courthouse of the county. The notice shall be published at least once a week for 4 weeks."

[2]147.040. "1. All persons having claims against the deceased must, within 3 months after the first publication of the notice specified in NRS 147.010, file the same, with the necessary vouchers, with the clerk of the court, who shall file and register each claim."

[3]"I, STANLEY OWENS, being first duly sworn, deposes and states as follows:

"1. I am a vice-president of Continental Coffee Company, the claimant herein. Claimant is an Illinois corporation.

"2. Wilbur B. (sic) Clark, the deceased, prior to his death guaranteed the certain promissory notes more particularly described in the Creditor's Claim, filed concurrently herewith. Copies of each of the

file the late claims. The motion was denied and suit was commenced. The lower court ruled in favor of the estate, and said in pertinent part:

"The document filed in support of the pending motion is an affidavit of Stanley Owens, vice president of the claimant. Said affidavit merely recites that 'during the three month period subsequent to September 14, 1965, Continental Coffee Company did not have notice of the Nevada proceedings involving the administration of the Estate of Wilbur B. (sic) Clark.' The date when such notice was obtained does not appear, nor is there any explanation for the *additional* delay of 10 months after the time for filing claims had expired.

\* \* \* \* \*

"The court finds that the record fails to show any basis for granting permission to file the late creditor's claim." Appeal was then taken to this court.

Appellant creditor assigns three errors:

1.   The Nevada Revised Statute 147.040(2) allows the filing of a late claim by a non-resident creditor corporation who has no actual knowledge of estate administration proceedings in the State of Nevada.

2.   Appellant is entitled to file its claim as the holder of a contingent obligation of Wilbur Clark.

3.   The statutory provisions for notice to creditors violates constitutional due process.

On those issues appellant contends the following:

(1) The benefits of the statute (NRS 147.040(2)) providing for the filing of late claims were extended not only to non-residents but to all persons who do not have notice as provided in the probate statutes and that as a matter of law, it has been

---

guarantees of the deceased are also attached as exhibits to said Creditor's Claim.

"3.   Each of said guarantees were contingent in nature, in that the payment by the deceased pursuant to said guarantees was contingent upon the corporations referred to in the Creditor's Claim not paying the promissory notes described therein. Affiant is informed that the first notice to creditors in the above-captioned proceedings was published on September 14, 1965. It was not until April 5, 1966 that claimant made the demand upon the guarantors to pay the aforesaid promissory notes.

"4.   During the three month period subsequent to September 14, 1965, Continental Coffee Company, did not have notice of the Nevada proceedings involving the administration of the Estate of Wilbur B. (sic) Clark.

"Dated: September 16th, 1966.

s/ Stanley Owens"

shown "to the satisfaction of a reasonable, fair and impartial mind" that there was no notice.

(2) That, as a matter of law, the obligation of Wilbur I. Clark presented to the estate should be considered contingent until April 5, 1966, some 3½ months subsequent to the last day for filing claims and under the rule of Pruett v. Caddigan, 42 Nev. 329, 176 P. 787 (1918), a late filing allowed.

(3) That NRS 147.010, as applied to appellant, violates constitutional due process, in that appellant did not receive the notice to creditors required by due process, thus the trial court could not deny the filing of the claim.

In companion cases recently decided by this court (Gardner Hotel Supply of Houston v. Estate of Clark and Southern National Bank of Houston v. Estate of Clark, 83 Nev. 388, 432 P.2d 495 (1967)), we had occasion to deal with some of the same issues presented here. In them we decided our non-claim statute intended efficient and expedient administration of estates and that it applied to contingent and non-contingent claims alike; that it applies equally to residents and non-resident claimants; that the trial judge is vested with discretion upon good cause shown to allow the filing of a late claim or to deny it for lack of such showing. We further ruled that knowledge of death or any knowledge of the estate proceedings, coupled with failure to act after such knowledge, are enough to support the lower court's discretion in denying a late filing.

The record shows that the claimant had knowledge of the death of Clark soon after it occurred. With such knowledge it was incumbent upon the claimant to inquire about estate proceedings. There is no showing that the claimant did anything at all in this regard. It failed to act, to inquire, to investigate.

The burden is upon him who seeks to file a late creditor's claim in a probate proceeding to present facts to the trial court which justify favorable exercise of discretion.

The only proof offered by appellant to the lower court was the affidavit of Stanley Owens, vice-president of Continental Coffee Company, which states that, "During the 3 month period subsequent to September 14, 1965, Continental Coffee Company, did not have notice of the Nevada proceedings involving the administration of the Estate of Wilbur B. (sic) Clark." The lower court concluded this was not adequate

showing to persuade it to exercise its discretion in allowing the late filing of the claim in view of all the other circumstances.[4] In line with Gardner Hotel, supra, knowledge of death coupled with the failure to act will support the lower court's discretion in denying a late filing. We are not prepared to say as a matter of law that the lower court abused its discretion requiring our reversal.

Appellant's second contended error regarding the contingency of its claim against Clark's estate was disposed of in our Gardner Hotel Supply of Houston v. Estate of Clark decision, supra.

Appellant's final contention that NRS 147.010 violates constitutional due process requirements as set down in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), is without merit. We are not convinced that doctrine has applicability to our non-claim statute. New York Merchandise Co., Inc. v. Stout, 264 P.2d 863 (Wash. 1953); Chalaby v. Driskell, 390 P.2d 632 (Ore. 1964).

The judgment is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, JJ., and YOUNG, D. J., concur.

MOWBRAY, J., being disqualified, the Governor designated Honorable Llewellyn A. Young, of the Sixth Judicial District Court, to sit in his place.

---

[4]Counsel for appellant urged in their brief there was nothing in the California probate proceedings to indicate it was ancillary or that primary proceedings were underway in Nevada, Clark's legal residence. The record clearly indicates the contrary.