GEORGE W. BODINE and KATIE BODINE, Appellants,
v. VERLA STINSON, Special Administratrix of the
Estate of WILLIAM W. HAMILTON, Deceased,
Respondent.

No. 5850

December 3, 1969                           461 P.2d 868

*Bradley & Drendel,* of Reno, for Appellants.

*Goldwater, Taber, Hill & Mortimer,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court dismissing a wrongful death action commenced by the parents and sole heirs of a deceased passenger against the special administratrix of the estate of the deceased driver. The dismissal rests upon

NRS 140.040(3) which precludes liability of the special administratrix to an action by a creditor on a claim against the estate.[1] It is contended that the district court erred since a claim under the wrongful death survival statute [NRS 41.110][2] is one against the decedent's personal representatives, and not against his estate. Accordingly, the preclusion of NRS 140.-040(3) does not apply. We reject this contention and affirm the ruling of the district court.

The petition for letters of special administration alleged that the deceased tort-feasor left an estate "including a policy of liability insurance." It is well established that a deceased insured's potential right of exoneration under an insurance policy is a sufficient estate to justify a grant of administration,[3] and we think, satisfies the requirement of In re Dickerson's Estate, 51 Nev. 69, 268 P. 769 (1928), that an estate exist before administration is justified.

The confusion with regard to the issue at hand comes about by reason of certain language in NRS 140.040 defining the powers and duties of a special administrator. Subsection 2(a) provides that the special administrator may "[f]or any and all necessary purposes, commence, maintain or defend suits and other legal proceedings as an administrator." On the other hand, subsection 3 provides that "[i]n no case shall the special administrator be liable to an action by any creditor, on any claim against the estate, nor pay any claim against the deceased." It is our task to reconcile these provisions, if possible, and give meaning to each. The appellants insist that since a special administrator may maintain an action for wrongful death [Nevada Paving Inc. v. Callahan, 83 Nev. 208, 427 P.2d 383 (1967)] he may also defend such an action. The respondent counters with the contention that since a special administrator is not liable to a creditor of the estate and may not pay his claim, he cannot be the proper party to defend a wrongful death action. Cf. Weiler v. Ross, 80 Nev. 380, 395 P.2d 323 (1964).

---

[1] NRS 140.040(3) reads: "In no case shall the special administrator be liable to an action by any creditor, on any claim against the estate, nor pay any claim against the deceased."

[2] NRS 41.110 provides: "Causes of action arising by virtue of NRS 12.080, 12.090, 41.080 and 41.090 shall not abate by reason of the death of the person against whom such cause of action shall have accrued, but shall survive against his legal representatives."

[3] Cases collected: Annot. 67 A.L.R.2d 936.

Although NRS 41.110 provides that a cause of action for wrongful death "shall not abate by reason of the death of the person against whom such cause of action shall have accrued, but shall survive against his legal representatives," it does not follow that such legal representative is personally liable for the judgment if one is obtained. The liability to actions embraced by NRS 41.110 is that of the decedent's estate. Zeigler v. Moore, 75 Nev. 91, 99, 335 P.2d 425 (1959) (dictum). The words "legal representatives" as used therein are not referrable to liability but are used to identify the person against whom suit may be instituted. Since a special administrator is not liable to a creditor of the estate and may not pay his claim, he is not a "legal representative" subject to suit within the contemplation of the wrongful death survival statute. That "legal representative" is one who is authorized to pay claims for which the estate is liable, such as a general administrator or executor.

A general administrator would have authority to act upon wrongful death claims. NRS 147.110. A special administrator is not a general representative of the estate. He is an emergency officer with limited authority to care for and preserve the estate until an executor or general administrator is ascertained or appointed as its proper legal representative. Rich v. Dixon, 212 A.2d 421 (Conn. 1965); see NRS 140.070. He is not to conduct the administration of the estate.

Our statutory scheme for the administration of estates contemplates that "[a]ll persons having claims against the deceased" shall file the same (NRS 147.040) in proper form (NRS 147.070) for examination by the executor or administrator (NRS 147.110). If the claim is rejected suit thereon must be timely filed or it is barred. NRS 147.130. We find nothing to suggest that this procedure may be disregarded in prosecuting a wrongful death action against the estate of the deceased tort-feasor. Indeed, since a special administrator may not pay creditors' claims (NRS 140.040(3)) it is evident that a claimant is forced to proceed under ch. 147.

Sometimes the deceased tort-feasor has no estate except a policy of liability insurance. In such instance one would not

expect his relatives to seek letters of administration to facilitate a creditor's desire to litigate his claim for damages. The creditor, however, is not foreclosed. He may seek letters of general administration (NRS 139.040(h)),[4] or persuade the court to appoint the public administrator (NRS 139.040(i)) or any legally competent person (NRS 139.040(k)). When this is accomplished the creditor may then proceed under ch. 147 to prosecute his claim for damages. In short, the procedure to be followed is the same in every case without regard to the existence of insurance.

The claim procedure specified by ch. 147 must be followed whenever the estate of the deceased may be diminished if the creditor is successful. This, of course, might happen in a wrongful death action against the estate of a deceased tortfeasor. The loss for which damages are claimed may not be covered by liability insurance. If covered, the insurance limits might prove to be inadequate. In either instance the estate is diminished if the claimant is successful. Accordingly, the rights asserted by the appellants in this case are included within the bar of non-claim. NRS 147.130(1).

What meaning, then, is to be accorded subsection 2(a) of NRS 140.040 upon which the appellants so heavily rely? That subsection provides that the special administrator may "[f]or any and all necessary purposes, commence, maintain or defend suits and other legal proceedings as an administrator." Since his primary duty is to take possession of and preserve the decedent's property, he has full authority to maintain any action necessary to recover property of the estate. He may also be required to defend any claim against the decedent for which the estate is not liable. Such claims do not fall within ch. 147 or the bar of non-claim [Reed v. District Court, 75 Nev. 338, 341 P.2d 100 (1959); Thompson v. Crockett, 19 Nev. 242, 9 P. 121 (1885)] since they do not diminish the estate if successfully prosecuted. Thus construed, subsection 2(a) of NRS 140.040 is compatible with subsection 3 of that statute. Full

---

[4]Should letters be issued to the creditor, NRS 147.050 designates the procedure to be followed when the administrator is also a claimant against the estate and we must presume that a judge will reject a disputed claim for tort damages and appoint insurance company counsel to defend the action.

meaning is accorded each subsection without doing violence to either.

For the reasons expressed the judgment below is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.