BELL BRAND RANCHES, INC., APPELLANT, v. FIRST NATIONAL BANK OF NEVADA, SPECIAL ADMINIS-TRATOR OF THE ESTATE OF PAUL B. BUTLER, DECEASED, RESPONDENT.

No. 7617

February 7, 1975                              531 P.2d 471

[Rehearing denied March 12, 1975]

*Sanford, Sanford, Fahrenkopf & Mousel,* and *M. Craig Haase,* of Reno, and *Parker, Milliken, Kohlmeier, Clark & O'Hara,* and *J. Terrence Lyons,* of Los Angeles, Calif., for Appellant.

*Woodburn, Wedge, Blakey, Folsom & Hug,* and *Gordon H. DePaoli,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from an order of the district court denying the motion of Bell Brand Ranches, Inc., to file a late creditor's claim against the Estate of Paul B. Butler, deceased.

Paul Butler died testate on April 26, 1972. The First National Bank, as special administrator of his estate, caused

notice to creditors to be published, the first such publication occurring on October 28, 1972. Consequently, the time for filing creditors' claims expired three months later, that is, on January 28, 1973, unless excused within the intendment of the governing statute.[1] On April 6, 1973, Bell Brand Ranches moved for leave to file its claim as a creditor of the decedent. That motion was denied, and this appeal ensued.

The claim of Bell Brand flows from a purchase agreement with Paul B. Butler dated August 24, 1971, wherein Bell Brand agreed to buy from Butler certain ranch property in Elko County, Nevada, for a price of $1,450,000. Before that agreement was made, Butler had placed the ranch property in a revocable trust and title had been transferred to Wayne L. Primm, as trustee. In July of 1971, an action was commenced in the Nevada Federal District Court by Salmon River Canal Company, Ltd., against Wayne L. Primm, Trustee, concerning the use of well water on the ranch property.

The purchase agreement of August 24, 1971, in paragraph 9, acknowledged the existence of the pending federal court litigation, and obligated Butler to defend the same and to pay all costs and damages that may be assessed against Primm, or any other party who becomes a defendant therein by virtue of any ownership of the ranch property. Butler also agreed to pay Bell Brand up to $67,000, under certain circumstances, as a result of any settlement or final judgment entered in that action. On January 8, 1973, the federal court granted Primm's motion to substitute Bell Brand for Primm in that case.

The creditor's claim which Bell Brand sought leave to file with the court below was to require the estate of Paul Butler "to continue performance of the obligations of Paul B. Butler under paragraph 9 of an Agreement dated August 24, 1971."

We turn to consider the relevant issues presented by this appeal.

1. The major issue is whether the claim asserted by Bell

[1]NRS 147.040: "1. All persons having claims against the deceased must, within 3 months after the first publication of the notice specified in NRS 147.010, file the same, with the necessary vouchers, with the clerk of the court, who shall file and register each claim.

"2. If a claim be not filed with the clerk within 3 months after the first publication of the notice, it shall be forever barred; but when it shall be made to appear by the affidavit of the claimant, or by other proof, that he had no notice as provided in this chapter, to the satisfaction of the court or judge, it may be filed at any time before the filing of the final account."

Brand falls within NRS 147.040. To come within the statute, the claim must be against property constituting an asset of the estate of the decedent. Thompson v. Crockett, 19 Nev. 242, 9 P. 121 (1885); Reed v. Dist. Court, 75 Nev. 338, 341 P.2d 100 (1959); Bodine v. Stinson, 85 Nev. 657, 461 P.2d 868 (1969); Pahlmann v. First Nat'l Bank of Nev., 86 Nev. 151, 465 P.2d 616 (1970).[2] The claim, if successfully prosecuted, must diminish the estate. Otherwise, it does not fall within the bar of nonclaim. Reed v. Dist. Court, supra; cf. Bodine v. Stinson, supra.

The obligation of Paul B. Butler, and now of his estate, to pay all costs and damages assessed in the federal court action against any defendant therein claiming ownership of the ranch property obviously will diminish the estate, and falls within the bar of the statute. The contingent liability of Butler, and now of his estate, to pay Bell Brand up to $67,000, under certain circumstances, as a result of any settlement or final judgment entered in that action likewise falls within the bar of nonclaim since that statute applies to contingent and noncontingent claims alike. Gardner Hotel Sup. v. Estate of Clark, 83 Nev. 388, 432 P.2d 495 (1967); Continental Coffee v. Est. of Clark, 84 Nev. 208, 438 P.2d 818 (1968). Consequently, the

---

[2]Thompson v. Crockett, supra, was a suit in equity against the representative of a deceased person, and others, to recover the amount of the unpaid subscription of decedent to a bank corporation. The court ruled that it was not necessary to file a claim since such unpaid subscription was a trust fund for the benefit of creditors of the bank, and no part of the estate of decedent.

In Reed v. Dist. Court, supra, the executrix sought to prohibit the prosecution of an action against her seeking recission of a contract for the purchase of land and restitution of the purchase price, because the plaintiff in said action had not filed a claim in the estate proceeding. The court dismissed the petition for a writ of prohibition, reasoning that a claim to rescind the contract was not a claim against property constituting the estate, but rather was an assertion that an asset claimed by the estate, the contract of sale, was not in truth its property. Consequently, the action for recission, if successful, would not diminish the estate and therefore was not within the bar of nonclaim.

Bodine v. Stinson, supra, was a wrongful death action in which this court ruled, among other things, that the claim procedure specified by ch. 147 must be followed whenever the estate of the deceased may be diminished if the creditor is successful.

In Pahlmann v. First Nat'l Bank, supra, we ruled that a successor Trustee's right to proceeds of a check in repayment of a loan made by his deceased predecessor Trustee from trust funds did not fall within the bar of nonclaim, since such proceeds were trust property and not a part of the deceased predecessor Trustee's estate.

claim of Bell Brand is forever barred unless excused within the contemplation of subsection 2 of NRS 147.040.

2. The failure of a creditor to timely file his claim may not be excused unless "it shall be made to appear by the affidavit of the claimant, or by other proof, that he had no notice as provided in this chapter." NRS 147.040(2).

The affidavits tendered in support of Bell Brand's motion to file its late claim do not assert a lack of notice which, of course, is the explicit statutory excuse for filing after the time has run.[3] Rather, the affidavits mainly stress the fact that Bell Brand was not substituted as a party defendant in the federal court litigation until January 8, 1973, only twenty days before the time for filing its creditor's claim was to expire, and suggests that the 90 day period within which to file its claim should be deemed to run from that date since it did not become a creditor until that time. This simply is not correct. Bell Brand became a creditor with a contingent claim when the agreement was made with Paul Butler in August of 1971, since that agreement obliged Butler to pay Bell Brand up to $67,000, under certain circumstances, as a result of any settlement or final judgment entered in the federal court case. As already noted, such contingent claim falls within the bar of the statute. In our view, the supporting affidavits fail to supply the showing required by the statute.

3. We do not consider other errors asserted to possess any merit whatsoever and reject them out-of-hand.

The order of the district court is affirmed.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[3]Late filing is permitted if the creditor had no notice of the appointment of the administratrix. Pacific States S. L. & B. Co. v. Fox, 25 Nev. 229, 59 P. 4 (1889). Also, it will be allowed if the notice is not received by one with authority to act. Pahlmann v. First Nat'l Bank of Nev., 86 Nev. 151, 465 P.2d 616 (1970).

On the other hand, a late filing may be denied if the creditor has knowledge of the death of the decedent, for such knowledge charges him with duty of further inquiry. Gardner Hotel Sup. v. Estate of Clark, 83 Nev. 388, 432 P.2d 495 (1967). Moreover, any knowledge of the estate proceeding, coupled with the failure to act after acquiring such knowledge, will allow the court to deny the filing of a late claim, notwithstanding a conclusory affidavit that the claimant did not have notice. Continental Coffee v. Est. of Clark, 84 Nev. 208, 438 P.2d 818 (1968).