An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH MONETTE,
Appellant,
vs.
THE ESTATE OF PATRICK J.
MURPHY, DECEASED, THROUGH ITS
ADMINISTRATOR AND PERSONAL
REPRESENTATIVE PATRICIA K.
MUNHALL, ESQ.; AND PATRICK J.
MURPHY, AN INDIVIDUAL
FORMERLY D/B/A LAW OFFICES OF
PATRICK J. MURPHY,
Respondents.

No. 61212

**FILED**

OCT 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a legal malpractice complaint. Eighth Judicial District Court, Clark County; Sally Loehrer, Judge.

The district court dismissed appellant's legal malpractice action after determining that appellant did not comply with NRS 147.040(1)'s requirement for filing a timely claim with the decedent's estate in the estate's probate proceedings. This appeal followed.

Because the district court relied on matters outside of the pleadings, we construe the dismissal order as an order granting summary judgment to respondents. *See Witherow v. Bd. of Parole Comm'rs*, 123 Nev. 305, 307-08, 167 P.3d 408, 409 (2007). This court reviews a grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Id.* (quotation and alteration omitted).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-33956

On appeal, appellant first contends that he did not need to comply with NRS 147.040(1) because his legal malpractice claim would not diminish the decedent's estate. *See Bell Brand Ranches, Inc. v. First Nat'l Bank of Nev.*, 91 Nev. 88, 91, 531 P.2d 471, 473 (1975). In particular, appellant contends that his claim, if successful, would be paid from proceeds of the decedent's professional liability insurance policy, which is not part of the decedent's estate. Respondents, however, counter that the insurance policy is subject to a $10,000 deductible, meaning that the first $10,000 of a successful claim would be paid by the decedent's estate, thereby diminishing the estate and requiring appellant to comply with NRS 147.040(1). Respondents' argument is consistent with Nevada law, *see Bell Brand Ranches*, 91 Nev. at 91, 531 P.2d at 472-73, and appellant has not disputed the argument's factual accuracy either in district court or on appeal. Accordingly, we conclude that the district court properly determined that appellant was required to comply with NRS 147.040(1). *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Appellant next contends that even if he needed to comply with NRS 147.040(1), the district court erred in determining that appellant did not satisfy NRS 147.040(3)'s exception for late-filed claims. We disagree. By its terms, NRS 147.040(3) permits a claimant to file a late claim only when "the claimant did not have notice as provided in NRS 155.020 or actual notice of the administration of the estate." Even accepting appellant's argument that he did not have notice as provided in NRS 155.020, appellant nevertheless had actual notice of the administration of the estate. *Id.* Specifically, it is undisputed that appellant knew of the decedent's death by December 2010, which was sufficient to constitute

actual notice of the estate's administration.[1]  *See Bell Brand Ranches*, 91 Nev. at 92 n.3, 531 P.2d at 473 n.3 ("[A] late filing may be denied if the creditor has knowledge of the death of the decedent, for such knowledge charges him with duty of further inquiry."); *Gardner Hotel Supply of Houston v. Estate of Clark*, 83 Nev. 388, 392, 432 P.2d 495, 497 (1967) (same).  Accordingly, we conclude that the district court properly dismissed appellant's complaint for failure to file a claim with the decedent's estate in compliance with NRS 147.040(1).  We therefore

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc: Chief Judge, The Eighth Judicial District Court
Hon. Sally Loehrer, Senior Judge
Carolyn Worrell, Settlement Judge
Brent D. Percival
Lipson Neilson Cole Seltzer & Garin, P.C.
Eighth District Court Clerk

---

[1]It should further be noted that, at the time appellant's potential malpractice claim against the decedent accrued in December 2010, appellant still had roughly two months within which to file a claim with the decedent's estate.  NRS 147.040(1).