# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE ESTATE OF:
DENNIS JOHN CARVER, DECEASED.

No. 81447

COLONIAL REAL ESTATE
PARTNERSHIP, LTD.; AND JOHN
HOULIHAN,
Appellants,
vs.
RHONDA MORGAN, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF DENNIS JOHN CARVER,
Respondent.

FILED

MAY 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition to reopen an estate. Eighth Judicial District Court, Clark County; Trevor L. Atkin, Judge.

Appellants paid Commercial Plumbing and AC, owned by Dennis Carver, to store and eventually install plumbing equipment in one of their properties. Carver died before the equipment was installed. While respondent did not mail appellants a notice to creditors in the estate action, appellants learned of Carver's death during the time for a creditor to file a claim, but appellants failed to file a timely claim. Nine months after the Nevada estate closed, appellants petitioned to reopen the estate so they could file a creditor's claim and the district court denied that petition.

The district court did not abuse its discretion by denying appellants' petition to reopen the estate. *See Reid v. Scheffler*, 95 Nev. 265, 266, 592 P.2d 948, 949 (1979) (providing that this court reviews a district court's decision to grant or deny a motion to reopen an estate for an abuse of discretion). A district court has discretion to reopen an estate under NRS

22-15248

151.240. The party seeking to reopen the estate has the evidentiary burden of presenting facts warranting the district court's favorable exercise of discretion. *Cont'l Coffee Co. v. Estate of Clark*, 84 Nev. 208, 212, 438 P.2d 818, 821 (1968) ("The burden is upon him who seeks to file a late creditor's claim in a probate proceeding to present facts to the trial court which justify favorable exercise of discretion.").

Appellants did not meet their burden of demonstrating they were a readily ascertainable creditor. While they assert that Commercial's office manager was aware of appellants' deposit at the time of Carver's death and that they timely contacted respondent about installing their equipment, there is substantial evidence in the record supporting respondent's assertion that no claim was ever filed and that respondent was unaware of appellants' claim. The record is conflicting at best as to appellant's position that they were a readily ascertainable creditor, and because substantial evidence existed in support of respondent's position, the district court did not abuse its discretion in concluding that appellants did not meet their burden of demonstrating that they were a readily ascertainable creditor. *See J & J Bldg. Contractors, Inc. v. Savage Constr., Inc.*, 92 Nev. 590, 590, 555 P.2d 488, 489 (1976) (explaining that the district court's decision will not be disturbed if supported by conflicting, but substantial evidence).

Further, the district court properly concluded that appellants' creditor's claim was time-barred. A creditor has 30 days after receipt of a mailed notice to creditors or 90 days after a published notice to creditors to file a creditor's claim in an estate. NRS 147.040(2). If the creditor does not file a claim within these time limits, "the claim is forever barred" unless the creditor files the claim before the filing of the final account and demonstrates that the creditor did not receive notice or have actual notice

of the estate administration. NRS 147.040(3). "[K]nowledge of death or any knowledge of the estate proceedings, coupled with failure to act after such knowledge, are enough to support the lower court's discretion in denying a late filing." *Cont'l Coffee Co.*, 84 Nev. at 212, 438 P.2d at 821. Appellants admitted to having actual knowledge of Carver's death during the time for creditors' claims to be filed, and thus, the district court did not abuse its discretion in concluding that appellants' creditor's claim was time-barred.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

---

[1]To the extent appellants contend the district court could not deny appellants' petition without an evidentiary hearing, we conclude that argument lacks merit. Appellants assert there was fraud upon the court, but they did not properly raise the argument in an NRCP 60(b) motion, and the evidence in the record belies that argument because there is no evidence that fraud ever touched the Nevada estate. Further, an evidentiary hearing would not be warranted merely because appellants asserted it was unclear if the Nevada estate was ever closed, especially when the record does not demonstrate the estate never closed.

cc: Hon. Trevor L. Atkin, District Judge
Carolyn Worrell, Settlement Judge
Flangas Civil Law Firm, Ltd.
Rhonda Morgan
Eighth District Court Clerk